NATHANIEL SWINGLEY, Appellant, *v.* JOHN HAYNES, Appellee.

APPEAL FROM OGLE.

The Circuit Court has jurisdiction on appeal from a justice of the peace, where the justice had jurisdiction, however defective the service of summons by the constable may have been.  And by taking an appeal, the appellant gives jurisdiction, even in cases where there was not any service.

Evidence must be heard, before it can be determined that a justice of the peace had not jurisdiction.

A party may succeed in any form of action, if the justice of the peace had jurisdiction of the subject matter.

THE facts of this case, are stated in the opinion of the court.

H. A. MIX, and B. C. COOK, for Appellant.

H. M. MILLER, for Appellee.

WALKER, J. This suit was brought by Swingley against Haynes before a justice of the peace, of Ogle county, May 17th, 1857. Summons was in the usual form, returnable on May 23rd, 1857. The following is a copy of the service of the summons :

" Served the within by leaving a copy thereof at the place of residence of the within named defendant, with a white person upwards of ten years of age, the defendant being absent. (Signed) UPTON SWINGLEY, *Constable."*

At the trial, on May 23rd, 1857, plaintiff appeared ; defendant not appearing, the justice heard the cause and rendered judgment for the plaintiff for $98.34 and costs.

The defendant appealed to the Circuit Court of Ogle county.

At the October term, 1857, the parties appeared and defendant moved to dismiss the suit for these reasons : First, from the papers in the cause it appears that the court below had no jurisdiction. Second, that the service in the court below is insufficient.

The Circuit Court sustained the motion, dismissed the suit and rendered judgment against plaintiff for costs.

The parties then executed and filed the following stipulation in the cause, which is made part of the record :

" It is hereby stipulated and agreed by the parties to the above entitled suit by their counsel, that said cause may be docketed by the clerk of the Supreme Court of the third grand division of said State, and heard and determined at the next term thereof, to be holden at Ottawa. The writ of error and the service thereof is waived, and the said parties stipulate that their appearance may be entered by the clerk of the said Supreme Court, and that the same may be heard and determined by the said Supreme Court in its regular order on the docket, without a writ of error."

The plaintiff assigns the following errors :

1st. The court erred in sustaining defendant's motion and dismissing said suit.

2nd. The court erred in rendering the judgment aforesaid in manner and form aforesaid.

By the 66th section of the act entitled Justices of the Peace and Constables, (Scates' Comp. 709), it is provided that " upon the trial of all appeals before the Circuit Court, no exception

shall be taken to the form or service of the summons issued by the justice of the peace, nor any proceedings before him; but the court shall hear and determine the same in a summary way, according to the justice of the case, without pleading in writing." And the 67th section provides that "If it shall appear, however, that the justice of the peace had no jurisdiction of the subject matter of the suit, the same shall be dismissed at the costs of the plaintiff." We are at a loss to determine how the legislature could have employed language more explicit, that no defect of any description in the service of the summons issued by the justice, should be taken on the trial of the appeal. It seems to be clear that the intention was, to invest the Circuit Court with jurisdiction, by the appeal of all cases in which the justice had jurisdiction, however defective the summons or service, or even in cases where there was no service in the justice's court. The object of the appeal, is to give a trial *de novo*, as though a trial had never been had before the justice of the peace. When the defendant files his appeal bond, he thereby enters his appearance to the cause in the Circuit Court, and by so doing, waives all defects in the process, the want of process, defects in the service of, or want of service before the justice. If the appeal is taken by the plaintiff, and service of the summons in appeal is served on the defendant, ten days before the term, he, by such service, is brought into the Circuit Court, as completely as if he had been duly served in the court below. When the defendant perfected his appeal to the Circuit Court, that court became invested with jurisdiction of his person, to authorize a trial of the case.

The 67th section provides, that if it shall appear that the justice of the peace had no jurisdiction of the subject matter of the suit, the same shall be dismissed, and this court has repeatedly held, that the evidence must be heard, before that question can be determined. When we know that the form and technical distinctions in the various actions are little understood by justices of the peace and the people generally, we must conclude that those distinctions were intended to be abolished by the legislature, and under the form of summons which they have given, that the various actions in which justices have jurisdiction, shall be tried. The form of the account, the form of the summons, or a mistake in docketing the suit, cannot affect the plaintiff's right to a judgment, if his evidence shows a right of recovery, in any form of action of which the justice of the peace has jurisdiction. And on the appeal, it is the duty of the court to hear the evidence, without reference to the justice's docket, and to render judgment in the case, unless from the evidence it appears the justice had no jurisdiction of the subject

matter. *Rogers* v. *Blanchard*, 2 Gilm. R. 335; *Ballard* v. *Mc Carty*, 11 Ill. R. 501; *Vaughan* v. *Thompson*, 15 Ill. R. 39. And by the construction given the statute by these decisions, the court below had no power to determine whether the justice had jurisdiction of the subject matter of the suit, until the evidence was heard, and if the summons on the appeal was served, or appellee's appearance had been entered in the Circuit Court, that court was authorized and even required by the statute, to proceed to try the cause without any reference to the service in the justice's court. And it was error to dismiss the suit for want of jurisdiction in the justice, until the evidence was heard.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*