LUKE FANT

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. KEEPING OPEN A TIPPLING HOUSE ON THE SABBATH DAY — *construction of the statute — indictment.* In an indictment under the 127th section of the Criminal Code, "for keeping open a tippling house on the Sabbath day," it is

unnecessary and surplusage to aver that it was kept open "to the encourage-
ment of idleness, gaming, drinking and other misbehavior," etc.

2. The 127th section of the Criminal Code embraces several distinct offenses.
The first is open lewdness, or other notorious acts of public indecency, tending
to debauch the public morals. The second is keeping open any tippling house
on the Sabbath day or night. The third is in maintaining or keeping a lewd
house, or place for the practice of fornication. And the fourth is in keeping a
common, ill-governed and disorderly house, to the encouragement of idleness,
gaming, drinking, fornication, or other misbehavior. The first three of these
offenses are complete when the acts prohibited by the statute have been per-
formed, without alleging or proving that it was to the "encouragement of
idleness, gaming, drinking, fornication or other misbehavior."

3. TIPPLING HOUSE — *what constitutes.* To keep open a tippling house, it
is necessary, as one of the ingredients of the offense, that liquor should be
sold or drank.

4. JURISDICTION — *concurrent under the State law and under city ordinance.*
The fact, that under the charter of a city an offense had been prohibited by
ordinance, and that the accused could have been prosecuted for a violation
of the ordinance, forms no defense to a prosecution under the State laws.

WRIT OF ERROR to the Circuit Court of Will county; the
Hon. JOSIAH McROBERTS, Judge, presiding.

This was an indictment presented by the grand jury of Will
county against Luke Fant, the plaintiff in error, for keeping
open a tippling house on the Sabbath day. The defendant was
tried by a jury and found guilty. A motion for a new trial
was overruled. The defendant was fined $100. The 'case is
brought to this court by writ of error.

The facts are stated in the opinion.

Messrs. E. C. FELLOWS and D. H. PINNEY, for the plaintiff
in error.

Mr. R. G. INGERSOLL, Attorney General, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a prosecution under the 127th section of the Crim-
inal Code. The indictment charged that accused, " on the
3d day of February, in the year of our Lord one thousand eight
hundred and sixty-seven, at and within the county of Will, in
the State of Illinois aforesaid, said day being the Sabbath day,

unlawfully did then and there keep open a tippling house, then and there situate, to the encouragement of idleness, gaming, drinking and other misbehavior, contrary to the statute in such cases made and provided," etc.   It appeared on the trial, from the evidence of two witnesses, that they, within eighteen months before the finding of the indictment, had been in the saloon of plaintiff in error on Sundays, and had drank spirituous liquor, and seen others drink, but that every thing was quiet, and that they saw no disorder.   That several persons were there, who were sitting by the stove warming themselves, waiting till time for church.   That the front doors of the saloon were not open, and that they entered at the hall door.   Plaintiff in error offered to prove as a defense, that the city of Joliet under its charter had passed an ordinance prohibiting persons from keeping open any tippling house on the Sabbath day or night, under a penalty not exceeding $100, nor less than $10.   That the ordinance was in force at the time this offense was committed, and that the city was in the habit of enforcing this ordinance.   But the court refused to admit the evidence, and the jury returned a verdict of guilty, and plaintiff in error thereupon entered a motion for a new trial, which the court overruled, and rendered a judgment of $100, to reverse which this writ of error is prosecuted.

A reversal is urged upon two grounds, — first, that the people failed to prove, that the house was kept open " to the encouragement of idleness, gaming, drinking and other misbehavior;" second, that, the legislature having conferred power on the city of Joliet, where the offense was committed, to regulate tippling houses, etc., and the city having acted under its charter, and, by the adoption of an ordinance, had prohibited the keeping open tippling houses on the Sabbath day or night, under similar penalties to those imposed by the statute, the sole and exclusive jurisdiction of this offense had been conferred upon the city, and the people could not maintain this prosecution.

A solution to the first question depends upon the true construction to be given to the section under which this indictment was found.   It will be observed that this section embraces

several distinct offenses. The first is open lewdness, or other notorious act of public indecency, tending to debauch the public morals. The second is keeping open any tippling house on the Sabbath day or night. The third is in maintaining or keeping a lewd house or place for the practice of fornication; and the fourth is in keeping a common ill-governed and disorderly house to the encouragement of idleness, gaming, drinking, fornication, or other misbehavior. The first three of these offenses are complete, when the acts prohibited by the statute have been performed, without alleging that it was to the " encouragement of idleness, gaming, drinking, fornication or other misbehavior." In prosecutions for the offense under consideration, the indictment need only charge that the accused kept open a tippling house on the Sabbath day or night. That the language necessary to constitute the fourth offense enumerated in this section is not necessary, is rendered manifest from the fact that the moral law prohibits labor on the Sabbath day, and the civil law prohibits it when it disturbs the good order of society, and provides for its punishment by the 144th section of the Criminal Code.

It is observed as a day of rest and relaxation from labor, and the ordinary avocations of life, in all Christian countries, recognized and enforced by religious sentiment and generally by law. It would be unreasonable to suppose that the general assembly designed to encourage industry on that day, nor does the context of the section require the use of these words to make out the offense. Its clear and obvious meaning excludes their employment. It therefore follows that the encouragement of idleness can form no part of this offense. That portion of the indictment which charged that is was to the encouragement of idleness, etc., was only surplusage, and need not be proved. Still, to keep open a tippling house, it was necessary as one of the ingredients of the offense, that liquors should be sold or drank. In this case that proof was made, and the material averment of the indictment sustained.

As to the second proposition, it was held in the case of *Gardner* v. *The People*, 20 Ill. 430, that by conferring on the

city of Monmouth the' power to license, regulate and prohibit the sale of spirituous liquors within the city limits, did not, as to the city, repeal the 132d section of the Criminal Code, and we perceive no reason to recede from the conclusion there announced. And no distinction is perceived in principle between the two cases. Each act is declared to be a public offense, and is required to be punished by criminal proceedings in the name of the people. The reason for holding that the one section is not repealed by the delegation of power to a municipal corporation to punish such an offense, applies with equal force to, and must govern, the other. The fact, then, that, under the charter of the city of Joliet, this offense had been prohibited by ordinance, and that the accused could have been prosecuted for a violation of the ordinance, forms no defense to this proceeding.

The case of *Bennett* v. *The People*, 30 Ill. 389, in no wise conflicts with the principles here announced. That case holds, that, where a municipal corporation has the exclusive right to grant licenses and to regulate the sale of liquor, a party who conforms to the ordinance of the corporation regulating its sale can not be punished by indictment for selling liquor without a license. Even if the jurisdiction should be held to be concurrent, and that the exercise of the power by the city was cumulative, the State first acquired jurisdiction; and, there being no pretense that plaintiff in error had been proceeded against under the city ordinance, it can, therefore, be no defense, that he had been liable to prosecution under the ordinances. Had he been convicted under the ordinance for this offense, then a very different question would have been presented. But that question is not now before us for determination, and we deem it unnecessary to discuss it.

We perceive no error in this record, and the judgment of the court below must, therefore, be affirmed.

*Judgment affirmed.*