# THE VILLAGE OF COULTERVILLE

### *v.*

## JOHN GILLEN.

1. SPIRITUOUS LIQUORS—*license for sale thereof—by whom.* Where the legislature has declared that incorporated towns shall have the exclusive privilege to grant license within the incorporated limits of the town, the county authorities have no right or power to interfere in any manner whatever with the granting of license.

2. Incorporated towns have the power to declare the sale of spirituous liquors within their limits shall be deemed a nuisance, and punished as such; they have the exclusive privilege of granting license to sell such liquors, and to prescribe the terms upon which they may be sold.

3. The fact that an incorporated town sees proper not to grant a license for the sale of spirituous liquors within its limits, does not confer power upon the county authorities to act in the matter, and a license issued by them is void.

4. APPEAL FROM JUSTICE OF THE PEACE—*waives all informalities.* When a defendant files an appeal bond in the circuit court, he thereby enters his appearance and waives all defects in the process, the want of process, and in the service or want of service before the justice of the peace, and the circuit court can not dismiss the suit unless, upon hearing the evidence, it appears the justice had no jurisdiction.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the plaintiff in error.

Mr. J. BLACKBURN JONES, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This cause was originally commenced before a justice of the peace of Randolph county, by the village of Coulterville against John Gillen, to recover a penalty for a violation of an ordinance of the town. A judgment of $50 was recovered before the justice, and the defendant appealed to the circuit court, where a trial was had before a jury, and a verdict returned in favor of defendant.

The village of Coulterville brings the record to this court, and insists upon a reversal of the judgment on the ground that the circuit court admitted improper evidence, and gave improper instructions for defendant.

It is conceded that the village of Coulterville is incorporated under the general incorporation laws of the State, but the date when it became incorporated does not appear.

In November, 1873, an ordinance was passed by the town, which is as follows:

" Sec. 1.   It shall not be lawful for any person to sell or give away, within the limits of said village, any intoxicating, malt, vinous, mixed or fermented liquors.

" Sec. 2.   Any person violating this ordinance shall be fined not less than $50 nor more than $150."

The plaintiff, on the trial of the cause, read in evidence this ordinance, and introduced evidence that tended to prove the defendant sold spirituous liquors on or about the 20th day of December, 1873, in the incorporated town, in violation of the provisions of the ordinance.

The defendant, against the objection of the plaintiff, read in evidence a grocery license issued by the county court of Randolph county, dated October 20, 1873, which authorized the defendant to sell spirituous liquors in Coulterville precinct for one year; also a bond which had been filed in and approved by the county court of Randolph county.

This evidence, no doubt, had a controlling influence over the mind of the jury, in the decision of the case, in favor of the defendant, and it was improperly admitted.

Section 13, Gross' Statutes, page 420, of the act which authorizes county commissioners' courts to grant license to keep a grocery, declares, " The president and trustees of incorporated towns shall have the exclusive privilege of granting licenses to groceries within their incorporated limits."

The language used in this section of the statute is plain and explicit, and not of doubtful construction. When the legislature has declared that incorporated towns shall have the exclusive privilege to grant license within the incorporated limits of the town, the county authorities have no right or power to interfere in any manner whatever with the granting of license.

This court held, in *Bennett* v. *The People*, 30 Ill. 394, that incorporated towns have the power to declare the sale of spirituous liquors within their limits shall be deemed a nuisance, and punished as such; they have the exclusive privilege of granting licenses to sell such liquors, and to prescribe the terms on which they may be sold within the limits of the incorporation.

The license issued by the county was without authority, and void.

The fact that the town saw proper not to issue license, did not confer any power on the county court to act in the matter. If the town saw proper to decline to grant license, and provide a penalty to prevent the sale of spirituous liquors, it was but a due exercise of the right conferred upon it by the legislature.

The case of *Fant* v. *The People*, 45 Ill. 259, cited by counsel for defendant, is not in point on the question involved in this case.

The second point relied upon by the plaintiff is, the court erred in giving an instruction for the defendant, as follows:

"You are further instructed, that no penal ordinance of any city or village incorporated under the law in force July 1, 1872, can go into effect until it has been posted ten days."

It is insisted that the plaintiff was incorporated prior to 1872, and this instruction was calculated to mislead the jury. It is

not shown by this record when the plaintiff became incorporated, and we have no means of ascertaining that fact, and are therefore not prepared to say the instruction is liable to the objection taken.

The defendant, before the justice of the peace, entered a motion to quash the process and dismiss the suit. This motion was renewed in the circuit court, and denied, which is now assigned as error by the defendant. The ground of the motion is, the process issued by the justice did not run in the name of the people, and because the suit was brought in the name of the president and trustees of the village of Coulterville, when it should have been brought in the corporate name of the village of Coulterville.

While the process issued by the justice was not technically correct and formal, yet, when the defendant filed his appeal bond, he thereby entered his appearance in the cause in the circuit court, and, by so doing, waived all defects in the process, the want of process, defects in the service of or want of service before the justice. *Swingley* v. *Haynes*, 22 Ill. 214.

No exception was allowable in the circuit court to the form or service of the writ, or to any proceedings before the justice. *Town of Jacksonville* v. *Block*, 36 Ill. 507.

The circuit court could not dismiss the suit unless it appeared, upon hearing the evidence, the justice had no jurisdiction of the subject matter.

For the error of admitting in evidence the license issued by the county court, and the bond filed in the county court, the judgment will be reversed and the cause remanded.

*Judgment reversed.*