JOHN M. REYNOLDS

*v.*

JARED GAGE.

91 125
94a ¹558
94a ¹559

1. FORCIBLE DETAINER—*complaint not marked filed.* Where a complaint in writing in a forcible detainer suit is transmitted with the papers on appeal from a justice of the peace, and the justice's transcript shows that a complaint was filed, this will be sufficient to give the court jurisdiction, there being no law requiring a justice of the peace to mark the papers filed in a case before him.

2. SAME—*evidence of termination of tenancy.* In case of a tenancy at will, a notice of its termination is competent evidence, on the trial of an action of forcible detainer to recover possession by the landlord.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. RUFUS KING, for the appellant.

Mr. PLINY B. SMITH, for the appellee.

Per CURIAM: This was an action of forcible detainer, commenced on the fourth day of August, 1876, before a justice of the peace in Cook county, to recover possession of a certain lot in Chicago, occupied by the defendant, John M. Reynolds. On the trial before the justice, the plaintiff, Jared Gage, obtained a judgment for the possession of the lot. The defendant, Reynolds, appealed to the circuit court, where another trial resulted in favor of the plaintiff, to reverse which the defendant has taken this appeal.

It is first contended, that there was no complaint in writing filed before the justice of the peace, and, upon this account, neither the justice nor circuit court had jurisdiction of the case. There was a complaint among the papers in the case transmitted from the justice to the circuit court, and the transcript of the justice shows that a complaint was filed, and on the same day a summons issued. This we regard sufficient. There was no file mark of the justice on the complaint, but this does not affect its validity, as we are aware of no law requiring a justice to mark the papers filed in a case before him.

On the trial of the cause, a notice in writing was read in evidence, signed by the plaintiff and directed to E. C. Felton, in which he was notified that the lease from Gage to him of certain premises therein described was terminated. The notice was dated June 27, 1876, and the termination was to take effect July 31, 1876. Also, a notice signed by Gage, directed to defendant, John M. Reynolds, bearing the same date, in which he was notified that the lease of the premises from Gage to Felton (a portion of which had been sub-let by Felton to Reynolds) was terminated, to take effect July 31, 1876. These notices were deemed to be incompetent evidence, on the ground that the lease of the premises, made in 1874 by Gage to Felton, had been terminated. There was some testimony tending to sustain that view, but the clear preponderance of the evidence was, that Gage had leased to Felton in 1874, and Felton had sub-let a part of the premises to Reynolds, and the premises were occupied under this leasing when the action was brought. We perceive no ground for holding that the notices were incompetent evidence. If the testimony of Felton and the evidence in chief of Gage be true, then Felton was a tenant at will, and the notices were competent evidence of a termination of that tenancy, and of a demand of possession of the premises.

The defendant also contends, that some of plaintiff's instructions are erroneous, and that the court erred in the modifica-

tion of one of his instructions. The instructions, some of them, may contain slight errors, but, so far as we are able to perceive, the law involved in the case has been fully and fairly given to the jury, and although slight errors may exist, we see no ground for disturbing the judgment.

It is also contended, that the verdict is not sustained by the evidence. The evidence, in some respects, is somewhat conflicting, but we think the decided preponderance of the proof is in favor of the plaintiff.

The judgment will be affirmed.

*Judgment affirmed.*