13  403
69   34

## FRANKLIN LEE
## v.
## NELSON WALLER.

1. FAILURE TO FILE BOND FOR SECURITY OF COSTS—DISMISSAL OF SUIT.—Appellant, who was at the time a non-resident of the State, commenced an attachment proceeding against appellee, before a justice of the peace, without filing a bond for costs, as required by statute. Appellee not having appeared in answer to the summons upon him, a judgment by default was rendered against him. He appealed this judgment, in due time, to the county court, and in that court, on his motion, the suit was dismissed for want of a bond for costs. *Held*, that in dismissing the suit without giving time to appellant to file security for costs, the court below erred.

2. SAME.—In all cases commenced without a bond for costs, in cases where security for costs is required, whether the case is commenced before the justice, under section 15 of the Justice of the Peace Act, or on an official bond, or to recover a penalty under the Costs Act, a motion to dismiss the suit for want of security for costs should be made, but the court should not dismiss the suit until a rule is taken on the plaintiff to file security for costs within such time as may be fixed by the court. (R. S. 1874, Costs Act, § 3, p. 287.)

3. JURISDICTION.—(Per HIGBEE, J.) By taking the appeal from the judgment of the justice of the peace, the defendant submitted himself to the jurisdiction of the court to which he appealed for the purpose of disposing of his case in the manner prescribed by the statute, and on the trial of the cause, the court had no authority to inquire into the jurisdiction of the justice of the peace over the person of the defendant, nor to the right of the justice of the peace to try his case without a bond for costs, for the alleged reason that he was a non-resident when the suit was commenced, nor to any of the proceedings had before the justice. The only duty of the appellate court was to hear the evidence, and if it found that the justice of the peace had jurisdiction over the subject-matter of the suit, to dispose of the case upon its merits.

APPEAL from the County Court of Pike county; the Hon. EDWARD DOOCY, Judge, presiding. Opinion filed September 21, 1883.

Mr. J. W. JOHNSON and Messrs. ORR & CRAWFORD, for appellant; that the defendant, by neglecting to make the motion before the justice of the peace, waived the right to interpose

it in the county court, cited Adams v. Miller, 12 Ill. 27–29; Trustees v. Walters, 12 Ill. 154; Robertson v. Commissioners, 5 Gilm. 559; Adams v. Miller, 14 Ill. 71; Randolph v. Emerick, 13 Ill. 345.

Mr. J. L. UNDERWOOD and Messrs. MATTHEWS, WIKE & HIGBEE, for appellee; that the filing of a bond for costs is a condition precedent, and if not complied with, suit can not be instituted, cited Seward v. Wilson, 1 Scam. 192.

The right to insist upon a bond for costs in case of a non-resident plaintiff is not waived by pleading to the action: Kimbark v. Blundin, 6 Bradwell, 539.

DAVIS, J. Appellant, who was at the time a non-resident of this State, commenced this attachment proceeding against appellee before a justice of the peace; without filing a bond for costs, as required by section 15 of chapter 79 of Revised Statutes of 1874, page 639, which provides that, "no person who is not a resident of this State shall commence any action before a justice of the peace, until such non-resident shall file with the justice before whom such action may be brought, a bond with sufficient security for the payment of all costs which may be awarded against the plaintiff, should he fail in his suit."

Appellee not having appeared in answer to the summons served upon him, a judgment by default was rendered against him. This judgment, in due time, he appealed to the county court, and in that court, on his motion, the suit was dismissed for want of a bond for costs.

It is now claimed by appellant, who has appealed to this court, that appellee, by not appearing before the justice of the peace and making his motion in that court, waived the right to interpose the objection for the first time in the county court, and that therefore that court erred in dismissing the suit.

It was held in Adams v. Miller, 14 Ill. 71, which was a case commenced before a justice of the peace and removed by appeal to the circuit court, where the suit was dismissed on motion, because no bond for costs had been filed in the justice's

court before the commencement of the suit, that the suit had been improperly dismissed. It was there said, if a party brings a penal action without filing a bond for costs, it may be dismissed at the instance of the defendant. But the objection being of a dilatory character, it must be raised at the earliest opportunity, or the right to insist upon it is waived. The motion came too late in the circuit court. To the same effect is Adams v. Miller, 12 Ill. 27, and Trustees v. Walters, 12 Ill. 154.

But appellee insists that the cases above cited are not in point, as they are decisions in penal actions and on official bonds brought under what are now the first four sections of the Costs Act, and not of cases brought originally before a justice of the peace under section 15 of the act entitled Justices and Constables, above referred to.

In Robertson v. County Commissioners, 5 Gil. 565, which was an action on an official bond commenced before a probate justice, acting as an ordinary justice of the peace; a motion to dismiss the suit for want of security for costs, made for the first time in the circuit court, was overruled on the ground that the defendant, by omitting to make the motion before the justice, waived the right to interpose it in the circuit court. In delivering the opinion of the court, Trumbull, J., said, "Section one, chapter twenty-six of the Revised Statutes provides, that in all actions on office bonds for the use of any person, the person for whose use the action is to be commenced, shall, before he institutes such suit, file with the clerk of the circuit or Supreme Court in which the action is to be commenced, security for costs. This section of the statutes manifestly has reference by its terms to actions commenced in the circuit or Supreme Court, and not to those instituted before a justice of the peace; but at the time of its passage, justices of the peace had no jurisdiction of actions upon office bonds. That jurisdiction was conferred by a subsequent statute, and as there is the same reason for requiring security for costs whether the action is brought before a justice or the circuit court, it is but fair to presume that the legislature, in transferring to justices of the peace concurrent juris-

diction with the circuit court in this class of cases, intended to confer also the incidents to that jurisdiction, so far as they were applicable to proceedings in a justice's court."

It seems to us, this decision places on the same footing all cases which require security for costs before instituting the suit, and all the incidents to the jurisdiction of one class of cases pertain to all the others. There is the same reason for requiring the motion to dismiss the suit for want of a bond for costs to be made before the justice of the peace at the earliest opportunity when the case is commenced before him under section 15 of the Justice of the Peace Act, as there is that such motion shall be made before him at the earliest opportunity when the action commenced before him is on an official bond, or to recover a penalty under the Costs Act. We think, therefore, that in all cases commenced without a bond for costs, in cases where security for costs is required, a motion to dismiss the suit for want of security for costs should be made; but under section 3 of the act entitled Costs, page 297 of Revised Statutes of 1874, the court should not dismiss the suit until a rule is taken on the plaintiff to file security for costs within such time as may be fixed by the court.

In dismissing the suit in this case without giving time to appellant to file security for costs, the court below erred, and for that error the judgment must be reversed and the cause remanded.

Judgment reversed.

HIGBEE, J. It is provided by sections 72 and 73 of the act allowing appeals from judgments of justices of the peace to the circuit and county courts, as follows: In the appellate court no exception shall be taken to the form of service of the summons issued by the justice of the peace, nor to any proceedings before him; but the court shall hear and determine the same in a summary way according to the justice of the case, without pleadings in writing.

Sec. 73. If it shall appear, however, that the justice had no jurisdiction of the subject-matter of the suit, the same shall be dismissed at the cost of the plaintiff.

By taking the appeal from the judgment of the justice of the peace, the defendant submitted himself to the jurisdiction of the court to which he appealed, for the purpose of disposing of his case in the manner prescribed by the statute; and on the trial of the case the court had no authority to inquire into the jurisdiction of the justice of the peace, over the person of the defendant, nor to the right of the justice of the peace to try his case without a bond for costs, for the alleged reason that he was a non-resident when the suit was commenced, nor to any of the proceedings had before the justice. The only duty of the appellate court was to hear the evidence, and, if it found that the justice of the peace had jurisdiction over the subject-matter of the suit, to dispose of the case upon its merits: Swingley v. Haynes, 22 Ill. 214; Jacksonville v. Block, 36 Ill. 507; Village of Coulterville v. Gillen, 72 Ill. 599.

For these reasons, as well as those assigned by the majority of the court, I am of opinion that the court below erred in dismissing the suit, and concur in reversing the judgment.