## William Willerton v. Reuben Shoemaker.

1. WAIVER—*Defects in Service—Taking an Appeal.*—A defect in the service of a summons in an action before a justice of the peace is waived by taking an appeal.

2. PRACTICE—*Objections Must be Made in the Court Below.*—An objection that the complaint in an action of forcible detainer before a justice of the peace is not sufficient, should be made before going to trial. It can not be made for the first time in the Appellate Court.

3. SAME—*Informal Complaints.*—A defective complaint in forcible detainer, which is merely informal, is sufficient if no objection is made at the proper time in the court below.

4. DEMAND—*When Unnecessary in Forcible Detainer.*—Where a tenant holds over after the termination of a lease for a definite period, under the statute no demand is necessary to terminate the tenancy.

Forcible Detainer.—Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

### STATEMENT OF THE CASE.

This was a proceeding in forcible detainer, instituted by appellee against appellant for the recovery of the possession of forty acres of land situate near Jacksonville, in Morgan county, Ill. The case was originally brought before a justice of the peace, where a motion to dismiss was made, because the purported copy of the summons left with appel-

lant was not a true copy. The motion was overruled, judgment given for Shoemaker, and Willerton appealed to the Circuit Court, where the motion to dismiss was renewed but overruled. The case was heard by the court, a jury being waived. Judgment was given for plaintiff and defendant appealed to this court.

Oscar A. DeLeuw, attorney for appellant.

Morrison & Worthington, attorneys for appellee.

Mr. Presiding Justice Wall delivered the opinion of the Court.

The first objection urged is that the court should have dismissed the suit because of the defect in the service of the summons before the justice of the peace.

This defect was waived by taking the appeal.

As was said in Swingley v. Haynes, 22 Ill. 214, " When the defendant files his appeal bond he thereby enters his appearance to the cause in the Circuit Court, and by so doing waives all defects in the process, the want of process, defects in the service or want of service before the justice."

The rule so stated was based upon Sec. 66 of the act in relation to justices and constables, as it then was—Sec. 72 of the present act—and has been repeatedly approved in subsequent cases.

The second objection is that the complaint is not sufficient. This objection should have been presented to the trial court, and the special ground thereof pointed out, so that it might have been obviated by amendment.

Going to trial waived the objection, and it can not be presented for the first time in this court. The evidence made out a case under the statute, and, while the complaint may be informal, we can not reverse for that reason. Had the defect been suggested below, the necessary amendment could have been made.

The case cited by appellant, Stolberg v. Ohnmacht, 50 Ill. 442, is not in point. There the fault was that no affidavit

had been filed, and under the statute, as it then read, the court held that an affidavit was necessary to give jurisdiction of the subject-matter.

Here the defect is that the complaint is informal.

So it may be, but it is sufficient to give the court to understand what the cause of action is, and under it, without objection or suggestion of informality, the plaintiff was permitted to prove a case within the statute.

The point must be overruled.

The third objection is that there was no demand for possession before suit was brought.

The case was one where the tenant held over after the termination of his lease, which was for a definite period, and under the statute no demand was necessary to end his tenancy. C. & St. L. R. R. Co. v. Wiggins Ferry Co., 82 Ill. 233; Schreiber v. C. & E. R. R. Co., 115 Ill. 345.

Nor was it necessary under the forcible detainer act to make demand in such a case before bringing suit. Had the plaintiff's case been within the fifth or sixth clause of Sec. 2 of that act, a demand would have been necessary.

This objection must be overruled.

The point fourthly made, that there was a variance between the complaint and the proof, is disposed of by what has been said in reference to the second objection.

We find no error, and the judgment will be affirmed.