## S. L. Waterbury v. F. M. Hobbs et al., Copartners as F. M. Hobbs & Sons.

1.  WAIVER—*Of Defects in a Summons, by Appeal.*—Where a judgment is rendered by a justice of the peace, and the party against whom it is rendered appeals therefrom, all defects in the summons are waived.

2.  BILL OF EXCEPTIONS—*Where it Does Not Purport to Contain All*

*the Evidence.*—Where the bill of exceptions does not purport to contain all the evidence the court will presume that there was other evidence to warrant the finding of the trial court.

**Assumpsit**, on an open account. Trial in City Court of Aurora, on appeal from a justice of the peace; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. · Opinion filed July 20, 1899.

LITTLE & SMITH, attorneys for appellant.

JOHN M. RAYMOND, attorney for appellees.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

Appellees brought suit against appellant before a justice of the peace, to recover a balance claimed to be due them on an open account. The summons was made returnable at eight o'clock A. M., and it is contended that because the statute requires a summons issued by a justice of the peace to be made returnable between the hours of eight o'clock A. M. and four o'clock P. M., the summons in this case was void and the justice without jurisdiction. But a judgment being rendered against him by the justice, appellant thereupon prosecuted an appeal to the City Court of Aurora. This appeal waived all defects in the summons, if any existed, and gave full jurisdiction to the City Court of the person of appellant. The law on this subject is too well settled to require any citation of authorities in its support. There was therefore no error on the part of the court in overruling appellant's motion to dismiss the suit for this alleged .defect in the summons. A jury being waived, a trial was had in the City Court upon the merits, the statute of limitations being pleaded by appellant as a defense to the action. The court found in favor of appellees, and rendered judgment against appellant for $79.40 and costs of suit. No exception appears to have been taken to the judgment. Appellee claims that the bill of exceptions does not contain all the evidence, and the judge who tried the cause does not certify that it contains all the evidence. Under these circumstances

we must assume that the evidence warranted the court's finding. Indeed, upon the evidence appearing in the record, if the court believed the testimony, it was sufficient to sustain the finding and judgment. Judgment affirmed.