### Andrew Olsen v. Matilda S. Stark.

1.  APPEALS—*Where the Party Appealing Can Not Be Heard to Say the Court Has No Jurisdiction.*—Where one of several defendants in an action of forcible detainer before a justice of the peace took an appeal to the Circuit Court and filed his bond and a transcript from the justice

with the clerk of that court, on December 6, 1899, he gave the court jurisdiction, and the complaint which was filed with the justice, and on which the summons was issued, being before the Circuit Court on the day of the trial, April 23, 1900, the appearance of the appellee having been filed December 8, 1899, such defendant so appealing can not be heard to say that the Circuit Court had no jurisdiction to try the cause, because there was no complaint in writing filed with the clerk of the Circuit Court ten days before the term at which the judgment was rendered, and because the original summons was not returned by the justice to the clerk of the Circuit Court.

2. Same—*Effect of Filing an Appeal Bond—Waiver.*—The filing of an appeal bond by a defendant in the Circuit Court from a justice's judgment waives all defects in the process, precludes his taking any exceptions to any proceedings before the justice, and he can not afterward question the mode by which he was brought into court.

3. Same—*What Confers Jurisdiction on the Court to Which the Appeal is Taken.*—Where the appeal bond, justice's transcript and appearance of the appellee are filed and entered more than ten days before the trial term, and a complaint which is regular in form having been filed with the justice, on which the summons was issued and served, jurisdiction not only of the parties but of the subject-matter is conferred upon the court to which the appeal is taken.

4. Same—*Effect of a Trial as to One of Several Defendants Appealing.*—Where one of several defendants in an action of forcible detainer before a justice of the peace takes an appeal, the trial of the case in the court to which the appeal is taken as to such defendant is virtually a dismissal as to the others.

5. Appellate Court Practice—*Errors Must Appear in the Abstract.*—Where a party appealing claims an insufficiency in the evidence to support the finding, but fails to show the same by his abstract, the Appellate Court will not search the record for the purpose of detecting the alleged deficiency.

**Forcible Detainer.**— Appeal from the Superior Court of Cook County; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed May 6, 1901.

James N. Tilton, attorney for appellant.

Samuel M. Booth, attorney for appellee.

Mr. Justice Windes delivered the opinion of the court.

Appellee brought forcible detainer before a justice against the appellant, Olsen, and two others, to recover the possession of certain premises described in the complaint and transcript of the justice, and recovered judgment in .

her favor, from which Olsen alone appealed to the Circuit
Court, where, on a trial before the court and a jury as to
Olsen only, the jury returned a verdict finding that the
defendant was guilty of unlawfully withholding from the
plaintiff the premises in question, on which the court ren-
dered judgment, from which this appeal is taken by Olsen
only, though counsel in his brief and abstract professes to
represent not only Olsen, but the other original defendants
in the justice court, who did not appeal from the justice's
judgment nor appear at the trial in the Circuit Court, so
far as is shown by the record.    Hence the appeal must be
considered as that of Olsen only, the judgment in the Cir-
cuit Court being against him alone, the other two not hav-
ing appeared in that court nor appealed.

For the appellant it is said that the Circuit Court had no
jurisdiction to try the cause, because there was no com-
plaint in writing filed with the clerk of that court ten days
before the term at which the judgment was rendered, and
because the original summons was not returned by the jus-
tice to the clerk of that court.

This contention can not be sustained, because, by appeal-
ing, and filing his bond and a transcript from the justice
with the clerk of the Circuit Court on December 6, 1899,
Olsen gave the court jurisdiction, and the complaint, which
was filed with the justice and on which the summons
issued, was before the Circuit Court on the day of trial,
April 23, 1900.    The appearance of appellee was filed
December 8, 1899.    Village of Coulterville v. Gillen, 72 Ill.
599; Roberts v. Formhalls, 46 Ill. 66; Reynolds v. Town of
Foster, 89 Ill. 257; Reynolds v. Gage, 91 Ill. 125; Buettner
v. Norton, etc., Co., 90 Ill. 415; Bridge, etc., Union v. Sig-
mund, 88 Ill. App. 344.

In the Gillen case, *supra*, it is held that the filing of an
appeal bond by a defendant in the Circuit Court from a
justice judgment waived all defects in the process, the want
of process, and that no exception could be taken by him to
any proceedings before the justice.

In the Roberts case, *supra*, where a defendant appealed

Olsen v. Stark.

from a justice judgment to the County Court, it was held that he could not afterward question the mode by which he was brought into court.

In the Buettner case, *supra*, a like ruling was made, and in addition it was held that the failure of the justice to file the summons with the transcript and other papers in the case did not affect the jurisdiction of the court.

In Reynolds v. Gage, *supra*, which was forcible detainer, where there was a complaint among the papers in the case transmitted from the justice to the Circuit Court, and the transcript of the justice showed that a complaint was filed and on the same day summons issued, that was sufficient to give the court jurisdiction, although there was no file mark of the justice on the complaint. In this case it appears from the transcript that a summons was issued by the justice on the 22d day of November, 1899, and the oral evidence shows that the complaint was filed with the justice, and upon it the summons issued, and besides the summons shows that the defendants were summoned to answer the complaint of the plaintiff.

The appeal bond, justice transcript and appearance of appellee having been entered more than ten days before the trial term, and a complaint which is regular in form having been filed with the justice, on which the summons was issued and served upon appellant, there was thus conferred upon the Circuit Court jurisdiction not only of the parties, but of the subject-matter, and as was held by the Branch Appellate Court in the Sigmund case, *supra*, there was nothing to prevent the trial when it was had.

The case of Redfern v. Botham, 70 Ill. App. 253, relied upon by appellant's counsel, is not applicable, as in that case the court say: " No proof was made or offered that a written complaint ever did exist."

It is also said that there was no sufficient evidence of service of a demand for possession of the property in question. This contention is not tenable, because it appears from the evidence of a witness that written notice of a demand of possession of the premises in question, signed by

plaintiff, was served. This was sufficient in that regard. There is no evidence to contradict this *prima facie* proof.

It is further claimed that because suit was commenced against three defendants, and as no dismissal was had as to two of them, it was error to proceed as to the other. This position is not tenable, inasmuch as the case was tried without objection from any source in this regard, they having never appealed nor appeared in the Circuit Court. In an action of this kind a recovery may be had against one of the defendants and the trial of the cause as to one is a virtual dismissal as to the others. Flinn v. Barlow, 16 Ill. 39; Wilderman v. Sandusky, 15 Ill. 59; Callaghan v. Myers, 89 Ill. 566.

In the Callaghan case, *supra*, which was trespass brought before a justice against several defendants, some of whom appealed to the Circuit Court, where there was a trial as to the appealing defendants and no dismissal as to another who was not served with process and did not appear before the Circuit Court, it was held that such proceeding had the same effect as if the suit had been dismissed as to the party not appealing; the reason therefor being that the plaintiff was not obliged to sue all engaged in the tort; that the law never requires the performance of a useless act. So in this case, the plaintiff had the right, under the statute (Ch. 57, Sec. 17, Hurd, 1899, Forcible Detainer) to proceed against any one or any number of the defendants. We see no reason why the same rule should not apply as in trespass.

It is also said that the court erred in instructing the jury to find the defendant guilty. The defendant offered no evidence. The plaintiff's case appears to be based upon the 6th clause of section 2 of the forcible detainer act, which allows a recovery of lands in forcible detainer when they have been sold on the judgment of any court, and the party to such judgment after the time of redemption refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto.

It appears from the abstract of the evidence, that there was a judgment rendered against appellant in favor of one

Heyworth in April, 1896; that an execution issued thereon May 16, 1896, which has on it the return of the sheriff showing a sale of the property in question; a sheriff's deed to Heyworth, dated February 24, 1898, and a quit-claim deed from Heyworth to plaintiff; but none of the instruments showing the judgment execution, return of the sheriff thereon, the sale of the property and the conveyances thereof, are abstracted. We have seen that the plaintiff also proved a demand for possession, which, with the other evidence, so far as we can determine it from the abstract, makes a *prima facie* case for the plaintiff, and we therefore think there was no error in the instruction to the jury to find the defendant guilty. If there was any insufficiency in the evidence, as claimed by appellant's counsel, he has failed to show it by the abstract. We have repeatedly held that we will not search the record for alleged errors not shown by the abstract.

A further claim is made that as the verdict and judgment are against the defendant, they are uncertain, as it can not be told which is the guilty one. A sufficient answer to this is found in the fact that the plaintiff in proceeding against Olsen alone, who appealed, virtually dismissed the cause as to the others, and renders it certain that he was the guilty one, as found by the verdict and judgment.

Being of the opinion that there is no cause shown for a reversal of the judgment, it is affirmed.