## H. Grossman et al. v. Frank Davis.

### Gen. No. 11,853.

1. COLLECTION OF JUDGMENT—*when injunction does not lie to restrain.* Injunction to restrain the collection of a justice's judgment does not lie where it appears that the complainant knew of the entry of the judgment against him upon the day of its rendition, and in his bill does not set up fraud, accident or mistake which prevented him from availing of his remedy by appeal.

2. COLLECTION OF JUDGMENT—*bond essential to valid injunction restraining.* It is error to enjoin the collection of a judgment without requiring the complainant to give bond as required by statute.

3. JUSTICE OF PEACE—*injunction does not lie against.* A court of equity will not enjoin a justice of the peace concerning a matter over which he has jurisdiction.

Grossman v. Davis,

Proceeding to enjoin collection of judgment. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1904. Reversed. Opinion filed December 15, 1904.

EDMUND W. FROEHLICH, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellee obtained a temporary restraining order upon a bill of complaint filed by him against appellants. They were thereby enjoined from prosecuting or collecting a certain judgment in the sum of $200 until the further order of the court. It is stated in the order that for good cause shown it shall issue without bond.

While the acts and doings of appellants as shown by the bill, which on this hearing must be taken as true, are unjust and inequitable, we are compelled to reverse this decretal order for the following reasons:

First. Appellee had a complete remedy at law. He knew of the entry of this judgment by the justice of the peace the day it was rendered. He then had the indisputable right to appeal the case to the Circuit Court. It would there have been tried *de novo*. This he failed to do. No circumstance of fraud, accident or mistake is set forth which prevented him from availing himself of this ample remedy. Such negligence bars relief in a court of equity. Peoria v. Kidder, 26 Ill. 351; Smith v. Powell, 50 Ill. 21; Grampp v. McBrearty, 109 Ill. App. 277.

Second. One of the appellants thus enjoined is the justice of the peace. It is elementary that a court of equity will not enjoin a justice of the peace concerning a matter over which he has jurisdiction. Eberhardt v. The Penn Co., 15 Ill. App. 543; Klinesmith v. Van Bramer, 104 Ill. App. 387. If a justice of the peace acts corruptly he can be made to answer civilly and criminally. Garfield v. Douglass, 22 Ill. 100.

Third. The injunctional order was allowed without

bond. This action of the court is in the teeth of the statute. Sec. 8, ch. 69, R. S., reads as follows: "Before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein, in double the amount of such judgment, with sufficient surety, approved by the court, judge, or master, conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved."

The decree of the Circuit Court is reversed.

*Reversed.*