Eno Bachechi, Appellant, v. Inlander Paper Company, Appellee.

Gen. No. 7,829.

Opinion filed March 20, 1929.

KLAAS & PORTER, for appellant; HARRY H. PORTER, of counsel.

DOUGLAS C. GREGG, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

This is an appeal from a decree dismissing an amended bill of complaint and dissolving a temporary injunction. The bill charged that on October 8, 1926, a summons was issued by a justice of the peace of Lake county, in the suit of Inlander Paper Company v. Eno Bachechi and Palmerl Gianbastini, doing business as "Highwood Grocery. & Market"; that the summons was returned as having been personally served on appellant, Eno Bachechi; that at the time of the alleged service, Bachechi was absent from the county and was never served with summons in such suit; that when he learned of the alleged service, he communicated immediately, through his attorney, with the justice of the peace and objected to the return; that the justice of the peace of his own motion continued the cause until October 27, 1926, in order to investigate the matter, with the express understanding that such continuance was not at appellant's motion.

The bill further alleged that on October 24, 1926, the justice of the peace called appellant's attorney by telephone and informed him that the suit would be dismissed as to appellant and continued as to Gianbastini; that appellant's attorney agreed to such dismissal; that notwithstanding such agreement, appellee's attorney on October 27, 1926, exhibited an execution to appellant showing that judgment had been entered against appellant on October 20, 1926.

It was also charged that appellant, by his attorney, immediately thereafter communicated with the justice of the peace and was informed by the justice that an

error had been made in entering the judgment and that steps would be taken at once to rectify the error; that afterwards, on several occasions, appellant, by his attorney, communicated with the justice of the peace and each time was assured by the justice that the error would be rectified; that appellant once thereafter wrote a letter to the justice inquiring if the error had been rectified, but received no reply; that nothing was done with the execution until December 23, 1926, when a levy was made thereunder upon appellant's goods and chattels at his place of business. The bill also alleged that appellant never ordered, purchased, or received any of the goods concerning which the suit was brought; that he got no benefit therefrom, and had nothing whatever to do with the transaction; and did not owe appellant any money. A supporting affidavit made by the justice of the peace was filed with the bill of complaint setting forth most of the matters alleged in the bill and with greater detail.

The motion by appellee to dissolve the temporary injunction and dismiss the bill operated as a demurrer and admitted all the material allegations of the bill. (*O'Donnell v. Gearing*, 291 Ill. 278.) It is disclosed that appellant was diligent in his efforts to have the justice of the peace set aside or vacate the service, because the return on the summons was untrue. Therefore the only question to be determined is whether the bill states a cause of action cognizable by a court of equity.

Appellee claims that appellant had an adequate remedy at law and should have pursued his remedy there and not in equity. Appellant knew on October 27 that judgment had been entered against him on October 20. He had thirteen days thereafter in which to appeal, if he cared to do so. It is the further claim of appellee that an injunction does not lie to restrain the collection of a judgment entered by a justice of the peace where

the defendant had ample opportunity to appeal. This claim is based on *Lasher v. Annunziata,* 119 Ill. App. 653; and *Grossman v. Davis,* 117 Ill. App. 354. In the first case, the summons was returned by a constable as served on the defendant. The service was denied and a proceeding instituted to enjoin the collection of the judgment. It appeared from the record in that case that when the bill for an injunction was filed, the twenty days allowed for taking an appeal from the judgment in the justice court had not expired. Among other things, the court said: ''The matters set forth in the bill, taken as true, naturally excite sympathy with appellee, because they tend strongly to establish an intention to secure a judgment against him without giving him a chance to defend. When such judgment was once obtained, Annunziata would be obliged to give security on appeal,—perhaps a very inconvenient thing for him to do—or to lose his day in court, which is the right of every person sued. But nevertheless we cannot sustain the injunction granted in this cause. . . . A court of equity cannot properly interfere by an injunction against the enforcement of a judgment obtained without due service of process, or otherwise either void or voidable, so long as there remains open an adequate remedy at law by appeal, or even by writ of error or certiorari.''

In *Grossman v. Davis, supra,* it is said on page 355: ''While the acts and doings of appellants as shown by the bill, which on this hearing must be taken as true, are unjust and inequitable, we are compelled to reverse the decretal order for the following reasons: First. Appellee had a complete remedy at law. He knew of the entry of this judgment by the justice of the peace the day it was rendered. He then had the indisputable right to appeal the case to the circuit court. It would there have been tried *de novo.* This he failed to do. No circumstance of fraud, accident,

or mistake is set forth which prevented him from availing himself of this ample remedy. Such negligence bars relief in a court of equity.''

In an opinion heretofore filed by us in this cause we followed the above-mentioned cases. But upon further consideration, after petition for rehearing, we find that those cases are not in harmony with other cases of the Appellate Court upon the same point, and are in direct conflict with several decisions of the Supreme Court. By the weight of authority and the altogether better view of the law, appellant has no adequate remedy at law whereby he can take advantage of the defective service upon him in the justice's court. An appeal, as proposed in *Grossman v. Davis, supra,* instead of furnishing a remedy to appellant, would have effectively destroyed his right to object to the defective service. The error in the *Grossman* case evidently arose from a belief that, on a trial *de novo* in the circuit court, the question of jurisdiction over the person of appellant could be raised. In such belief the court was mistaken, for the reason that by taking an appeal, the appellant would waive his objection to the defective service and submit himself to the jurisdiction of the circuit court.

In *Reynolds v. Town of Foster,* 89 Ill. 257, it is said: ''But if no summons had been served, the appearance of defendant by his attorney, and taking an appeal to the circuit court, would supersede the necessity of any summons. . . . An appeal from a judgment of a justice of the peace gives the appellate court jurisdiction of the party, although he was not served with process in the case appealed from, and the appellate court can proceed to trial on the merits.''

Where a defendant files an appeal bond, he thereby enters his appearance in the cause in the circuit court, and, by so doing, waives all defects in the process, the want of process, defects in the service or want of serv-

ice, before the justice. (*Village of Coulterville v. Gillen*, 72 Ill. 599; *Swingley v. Haynes*, 22 Ill. 214.) The Supreme Court has said: "It is unnecessary to discuss the question whether or not the appellant . . . was properly served with summons to appear in the justice's court, where the cause was originally tried, for, having joined in the appeal taken from the judgment there rendered to the circuit court, he thereby waived any objection to the service of the summons to appear before the justice." (*Harmison v. City of Lewistown*, 153 Ill. 313; also same case, 46 Ill. App. 164.) To the same effect are *Olsen v. Stark*, 94 Ill. App. 556 (First District); *Waterbury v. Hobbs*, 84 Ill. App. 37; *Willerton v. Shoemaker*, 60 Ill. App. 126; *Schofield v. Pope*, 104 Ill. 130.

Nor did the appellant have any remedy by certiorari. The office of certiorari is to bring up the proceedings of the court below on the record. In this case the record would disclose that the summons had been returned with the following indorsement by the constable, to-wit: "Personally served the within writ by reading the same to the within named defendant, Eno Bachechi, and leaving him a true copy thereof, this 11th day of October, 1926." The return is regular and imports verity. It cannot be questioned on certiorari. Courts do not, by virtue of the writ of certiorari, review the decisions of the inferior bodies or determine the facts. (*City of Aurora v. Schoeberlein*, 230 Ill. 496.) Where the return to the writ of certiorari shows that the inferior tribunal has jurisdiction, the same is conclusive and an assignment of want of jurisdiction is not permissible. (Encyc. of Pleading and Practice, vol. 4, page 226.) The hearing in the absence of statutory authority to the contrary is on the record as returned and the reviewing court confines itself to an inspection of such record. (*Hyslop v. Finch*, 99 Ill. 171.) It may be stated as a universal rule that the province

of the writ of certiorari is to review a record of an inferior court or tribunal and to determine from that record whether such court or tribunal has exceeded its jurisdiction. Evidence *dehors* the record, and contradicting it is not permitted in the absence of statutory authority. (5 R. C. L., ''Certiorari,'' ¶ 16.)

Under the circumstances disclosed by the record in this case, appellant had no adequate remedy either by appeal or certiorari. We therefore conclude that the circuit court erred in dismissing the amended bill and in dissolving the temporary injunction. This cause is accordingly reversed and remanded for further proceedings in conformity with our views as herein expressed.

*Reversed and remanded.*