## LUTHER REYNOLDS

### *v.*

## THE TOWN OF FOSTER.

89    257
94a  ³558

1.  JUSTICE OF THE PEACE—*jurisdiction in case of neglect to work on roads.* Jurisdiction is expressly conferred upon justices of the peace in cases of complaint by the overseers of roads against persons owing road labor who shall neglect or refuse to work, when warned so to do, or who shall hinder others from working on the roads.

2.  SAME—*jurisdiction of the person.* Where a summons issued by a justice of the peace, returnable within five days, against one for not working, as directed, upon a public road, after being warned by the overseer of the road district, is served on the defendant the next day after its issue, this will give the justice jurisdiction of the person of the defendant.

· 3.  SAME—*jurisdiction—conferred by appearance.* In a suit before a justice of the peace, the appearance of the defendant by his attorney and taking an appeal to the circuit court, will supersede the necessity of any summons or service, and will give the appellate court jurisdiction of his person.

4.  HIGHWAY—*evidence to show road not a public one in suit for neglect to work upon same.* In a suit to recover the penalty provided by statute for a neglect or refusal to work upon a road, as directed by the overseer, upon notice by him, evidence on the part of the defendant that the *locus in quo* where he is required to work is not a highway, is inadmissible.

5.  ROAD LAW—*its constitutionality—special legislation.* The road law applicable to all counties in the State acting under township organization, giving police magistrates and justices of the peace jurisdiction of complaints for a refusal or neglect to work upon the roads when warned to do so, and providing that the summons in such case shall be returnable *within* five days, is not a local or special act within the meaning of the constitutional provision against such legislation.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. RASER & GOODNOW, for the appellant.

Mr. T. E. MERRITT, for the appellee.

17—89 ILL.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the circuit court of Marion county, to reverse a judgment rendered therein in a cause in which the town of Foster was plaintiff and Luther Reynolds was defendant, the judgment being in favor of the plaintiff.

The suit was brought before a justice of the peace on the complaint, under oath, before the justice, by Joseph C. Wilton, overseer of highways in the town of Foster, that Luther Reynolds refused to work on the road, after being duly warned, and appearing on a road in affiant's district, known as No. 1, in town 4 north, range 2, in the town of Foster, after being requested and directed by affiant to do so.

On this complaint a summons was issued by the justice of the peace, requiring Reynolds to appear at his office in Foster township, in Marion county, on the 5th day of May, 1876, at the hour of ten o'clock in the morning, to answer the complaint of the town of Foster, being town No. 4, range 2 east, for a failure to pay a certain demand, not exceeding one hundred dollars, and hereof make return, etc. Dated May 1, 1876.

This summons was duly served on the defendant on the second day of May, and the cause proceeded, resulting in a judgment for the plaintiff for two dollars and the costs. In the circuit court, on the appeal of defendant, he entered a motion to dismiss the cause, alleging as a reason that the justice of the peace had no jurisdiction of the person of the defendant or of the subject matter, and, also, for the reason that the act of the General Assembly defining and regulating the jurisdiction and duties of justices of the peace, in this instance, is unconstitutional and void.

It is stated by appellant, in his brief, that he appeared by attorney before the justice of the peace, at the time the cause was set for trial, and moved to dismiss the suit, for the reason that the summons was returnable in less than five days from the day it was issued, and because the law under which the

summons was issued was unconstitutional; and, further, because the summons was not such an one as is designed and provided by law.to be issued by justices of the peace in commencing suits before them; and, also, because the place where appellant was required to work upon by the overseer was not a highway. The justice denied the motion, and in the circuit court the same points were urged, and are insisted upon here.

It is admitted, Marion county is under township organization. Section 33, of chap. 121, title "Roads and Bridges," provides, in counties under township organization: "If any person, after appearing, remain idle or not work faithfully, or hinder others from working, such offender shall, for every offense, forfeit to the town the sum of two dollars." It is not disputed the offense is embraced in this section.

Section 35 provides, that every overseer shall, "within six days after any person assessed and notified shall be guilty of any refusal or neglect, for which a penalty or fine is prescribed in this act, unless a satisfactory excuse shall be rendered to him for such refusal or neglect, make complaint, on oath, to any justice of the peace of the county." And section 36 provides, that "the justice to whom such complaint shall be made shall forthwith issue a summons, directed to any constable of the county, requiring him to summon such delinquent to appear, within five days, before such justice, according to law, to answer for such refusal or neglect." Rev. Stat. 1874, pp. 918, 919.

These references show that the justice of the peace had jurisdiction of the subject matter, as it is expressly conferred by the statute. That he had jurisdiction of the person is shown by the service of the process to appear within five days from the date of the summons. But if no summons had been served, the appearance of defendant by his attorney, and taking an appeal to the circuit court, would supersede the necessity of any summons.

The doctrine held by this court is fully discussed in *Swingley* v. *Haynes*, 22 Ill. 216, and again in *Ohio and Missis-*

*sippi Railroad Co.* v. *McCutchin,* 27 ib. 9, where it was said, an appeal from a judgment of a justice of the peace gives the appellate court jurisdiction of the party, although he was not served with process in the case appealed from, and the appellate court can proceed to trial on the merits.

The point made by appellant, that he was precluded the right to prove the place where he was ordered by the overseer to work was not a lawful road, is not tenable.    If allowed, there would be but little work done on the public roads if each laborer could raise this question.    We believe the rule is well established, that evidence by the person charged with the duty of working the road that the *locus in quo* is not a highway, can not be raised.    Paley on Sum. Conv. 392.    The consequences that might possibly result from this rule, are visionary and fanciful.    Should an overseer direct the party who is paying his tax in labor on the road to work in the overseer's field, the tax-payer might, perhaps, lawfully refuse, but it is not a supposable case.    No functionary in this position would dare to violate his duty in this manner, and should he do so, the courts are open for punishment.

We can not concur with appellant in the view he urges, that this act, differing as it does in some respects from the general law conferring jurisdiction upon justices of the peace, is obnoxious to the criticisim he has attempted.    It is not, nor can it be, held, these provisions of the Road and Bridge act make the act local or special.    In no correct sense of these terms can this be so regarded.    We know of no constitutional inhibition on the legislature to provide for summary convictions in certain cases in counties under township organization, provided the act applies and is operative in all such counties.

We do not find any error in the record, and the judgment must be affirmed.

*Judgment affirmed.*