## Charles Padfield v. German Frey et al.

VARIANCE—*when justifies giving of peremptory instruction.*
Where the declaration alleged that the land in question in the
cause was east of a particular road, whereas the evidence showed
that such land was west of the road named, the variance being
pointed out, the allegation in question being material, and no amend-
ment being made, a peremptory instruction is proper.

Action on the case to recover damages for overflow of land.
Appeal from the Circuit Court of St. Clair County; the Hon.
BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at
the August term, 1906. Affirmed. Opinion filed March 15, 1907.

R. W. ROPIEQUET, for appellant.

BARTHEL & KLINGEL, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action on the case brought by appellant
against appellees who were highway commissioners, to re-
cover for damages alleged to be due to the negligence of ap-
pellees in causing water to overflow land occupied by appel-
lant as a tenant. The land in question, forty acres, corners
at the intersection of two highways, one known as the Mas-
coutah road running north and south, and the other the
Shiloh road running east and west. The land lies south of
the Shiloh road and west of the Mascoutah road, so that the
northeast corner of the land is the southwest corner of the
intersection. All the land on both sides of both roads in
that vicinity and near the intersection is low and almost
level, the lowest point being at or near the northeast corner
of appellant's land. On both sides of the Mascoutah road
the land slightly inclines towards the road and to the north.
Half a mile north of the intersection, and east of the Mas-
coutah road, is a depression, increasing northward, and open-
ing into a slough, to and through which is the natural course
of the waters from the intersection and the lands thereabouts.
When the highways were laid out, more than thirty years

Padfield v. Frey.

ago, ditches were constructed along the sides of the high-ways, and have since been maintained, substantially as they were at the time this suit was brought. A culvert was made under the Shiloh road connecting with a large ditch run-ning north on the west side of the Mascoutah road, through which water gathered at the intersection and corner of ap-pellant's land, was carried to the depression and slough already mentioned which was the natural outlet in the natu-ral drainage of appellant's land. The water from the east flowing in the ditch on the south side of the Shiloh road, and that from the south in the ditches on both sides of the Mascoutah road, were brought together at the intersection and passed through the culvert to the north as indicated. In time of heavy or continuous rain the water would gather at the intersection and overflow appellant's land, causing dam-age to his crops in 1904, for which this suit was brought.

The declaration consists of one count, by which it is al-leged, that plaintiff was in possession of the premises de-scribed "lying contiguous to, and south and east of what is known as the Shiloh and Lebanon and Mascoutah roads re-spectively, that the natural drainage of said land lying east of said Lebanon and Mascoutah road, and northeast of the above named premises, is to the northeast; that the defend-ants, being commissioners of highways * * * did on the first day of April, 1901, and at other times hitherto *construct and maintain* drains from the premises eastward and northeastward from the premises herein described in such way as to divert the waters on said premises from their natural course of drainage and cause the same to be deflected to the west side of said road in such a way that the drains on the west side were insufficient to carry away the waters thus wrongfully so diverted, together with the waters whose natural drainage was on said west side, whereby a large quantity of said waters was thrown upon the land so held by plaintiff rendering the same unfit for cultivation and de-stroying crops that had been planted thereon to plaintiff's damage, etc." The defendants filed the general issue. In a trial by jury, when the plaintiff closed his evidence, the

defendants moved for an instruction to find defendants not guilty. This motion was allowed, the jury was so instructed and returned a verdict for defendants. From a judgment on the verdict plaintiff appealed to this court and assigns errors to bring in question the action of the court in taking the case from the jury, and in rendering judgment for defendants. By written motion to take the case from the jury, appellees called attention to the variance now contended for in argument. It is averred in the declaration that appellant's land lies east of the Mascoutah road whereas the evidence shows that it lies on the west side. This was such a variance as to warrant the granting of the motion, though it might have been obviated by timely amendment of the declaration, had appellant seen fit to avail himself of the opportunity, when the motion was made. Had the trial gone to a verdict without the attention of the court being called to the variance, by motion or otherwise, with no opportunity to appellant to cure it by amendment, a different question would arise. A defective description and location of the property affected by the acts complained of, might be sufficient to sustain a verdict and still be a bar to further proceedings if attention is called to it as was done in this case, and the defect pointed out before a verdict is reached. Failing to amend his declaration when opportunity was given, appellant may not complain that the evidence was not submitted to the jury.

Without regard to the question of a variance, the peremptory instruction was justified. We have read carefully all the evidence appearing in the abstract and find no testimony tending to prove that appellees constructed or maintained the drains as alleged in the declaration, or that by means of the drains or otherwise they diverted the water from their natural course onto the appellant's land, and thereby caused the damage complained of. There is evidence to the effect that water from the east and south of the intersection was carried by the road ditches to the low ground, near the corner of appellant's land, and that the outlet culvert at that point and the ditch running to the north were, at times, in-

Padfield v. Frey.

sufficient, and that appellant's land was overflowed and damaged. But these facts were, in no way, connected with the alleged wrongful act of appellees, viz., that they constructed and maintained drains in such way as to divert the waters from their natural course of drainage onto the appellant's premises. It furthermore appears from the undisputed testimony of appellant's witnesses, that the road or grade ditches were made thirty years ago; that they had been maintained in substantially the same condition as when first constructed; that instead of being a detriment, they were the only means by which the adjacent lands, including appellant's, were relieved of natural overflow water and thereby rendered cultivable; that without the ditches, of which complaint is made, the water which by natural course gathered at the intersection, would stand, the only outlet being by seepage into the ground. There is no allegation in the declaration upon which to base the contention that appellees were duty-bound to enlarge the culvert and ditch on the west side of the Mascoutah road, or to construct a sufficient ditch on the east side of that road. From all the evidence in the record as to the lay of the land and its condition respecting drainage, it would seem that the real ground of complaint is that the highway commissioners failed to provide adequate drainage to protect appellant's land from the natural overflow of water. No such duty is imposed by law upon them in their official capacity, and certainly they are not so bound as individuals. If appellees did not construct the ditches which it is alleged diverted the water from its natural course, or if the water flowed through the ditches in its natural course, there can be no recovery. Without evidence tending to prove both elements of the allegation in this respect it was the duty of the court to take the case from the jury. We find no evidence which tends to prove either. The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*