THE DAWSON SOAP COMPANY, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed April 23, 1908—Rehearing denied June 4, 1908.*

1. CONSTITUTIONAL LAW—*a law may be general though it does not operate alike upon every municipal corporation.* That a law does not operate equally upon every individual or every municipal corporation in the State does not render it a special law, and the law is general if it operates alike upon all persons or municipal corporations in the State which are similarly situated.

2. SAME—*classification of municipalities may be made the basis of legislation.* A classification of the municipalities of the State, such as counties, cities, villages and towns, may be made the basis for legislation, provided the classification rests upon some rational difference of situation or condition found in the municipalities placed in the different classes.

3. SAME—*act relating to mobs and riots is not special legislation.* The act of 1887, relating to a recovery by the owner of property destroyed by mobs and riots, is not unconstitutional upon the ground that it permits a recovery against cities but not against villages or towns, since there is a rational difference between a city and a village or town as respects the subject matter of the act.

SCOTT and FARMER, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

ROBERT N. HOLT, and GEORGE W. MILLER, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

JOSHUA H. LEWIS, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee, against the appellant, in the circuit court of Cook county, to recover three-fourths of the value of certain personal property, of which the appellee was the owner, destroyed in consequence of a mob or riot in the city of Chicago on March 15, 1903. A jury was waived and the case was tried before the court, and resulted in a finding and judgment in favor of the plaintiff for $500, and the case has been brought to this court by appeal.

The cause of action is based upon the statute entitled "An act to indemnify the owners of property for damages occasioned by mobs and riots," approved June 15, 1887, in force July 1, 1887, (Hurd's Stat. 1905, p. 721,) the first section of which reads as follows: "That whenever any building or other real or personal property, except property in transit, shall be destroyed or injured in consequence of any mob or riot composed of twelve or more persons, the city, or if not in a city then the county in which such property was destroyed, shall be liable to an action by or in behalf of the party whose property was thus destroyed or injured, for three-fourths of the damages sustained by reason thereof." The facts are admitted, and if the act is constitutional the appellant concedes the appellee is entitled to have the judgment of the circuit court affirmed by this court.

The circuit court refused to hold certain propositions submitted upon behalf of the appellant as the law, which challenged the constitutionality of said act on the ground that it was in conflict with the first section of the fourteenth amendment to the constitution of the United States and with section 22 of article 4 of the constitution of this State.

The constitutionality of said act was before this court in the case of *City of Chicago* v. *Manhattan Cement Co.* 178 Ill. 372, and in that case the court held the act to be constitutional. Its constitutionality was there assailed on the ground that the legislature was powerless to pass an act permitting a recovery against a county or city by a private person or corporation for an injury done to property in consequence of a mob or riot, and that a judgment recovered under said act was a debt in a constitutional sense, and that in case a city was already indebted beyond or up to the constitutional limit, the act, in so far as it permitted a judgment to be rendered against said city for damages under the provisions of said act, was unconstitutional and void. The court held against the city upon both propositions and sustained the act in so far as it was then claimed it was unconstitutional.

The contention now made by the city is, that the act is unconstitutional by reason of the fact that it gives a remedy only against a county or city in which property is destroyed or injured in consequence of a mob or riot, and not against a village or town in which property is so destroyed or injured, and that by reason of a remedy only being given against a county or city, it is urged the act is special legislation and in conflict with the constitution of the United States and of this State. It does not follow that a law is not a general law because it does not operate equally upon every individual or municipal corporation in the State, but a law is a general one which operates alike upon all persons or municipal corporations in the State similarly situated. In *People* v. *Wright,* 70 Ill. 388, quoting from *McAunich* v.

*M. and M. Railroad Co.* 20 Iowa, 338, it was said: "Laws are general and uniform, not because they operate upon every person in the State, for they do not, but because every person who is brought within the relations and circumstances provided for is affected by the laws. They are general and uniform in their operation upon all persons in the like situation, and the fact of their being general and uniform is not affected by the number of those within the scope of their operation." And in *Potwin* v. *Johnson*, 108 Ill. 70, it was held that the act in relation to cities and villages was a general law and not a local and special law, although there might be municipalities in the State to which it was not applicable, such as those in existence under special charters at the time of the adoption of the constitution, which had not since sought to have their charters changed or amended. On page 80 the court said: "After full consideration and reconsideration we are as firmly committed to the doctrine as we can be to any doctrine, that the act in relation to cities and villages is a general law, and not local or special, although there may be municipal corporations to which it is not applicable, namely, municipal corporations in existence under special charters at the time of the adoption of the constitution which have not since sought to have their charters changed or amended. It is general and of uniform application to all cities, towns and villages thereafter becoming incorporated or thereafter having their charters changed or amended, to the extent of such change or amendment, and thus fully conforms to the definition of a general law." . In *Reynolds* v. *Town of Foster*, 89 Ill. 257, and in *People* v. *Board of Supervisors*, 223 id. 187, it was held that a law which applied only to counties under township organization was not a local or special law, within the meaning of the constitutional provision which inhibits special legislation, as such statute applied to and was operative in all counties in the State under township organization. And in *People* v. *Hazelwood*, 116 Ill. 319, on page 329, it was said: "We

have held that laws are general and uniform, and hence not obnoxious to the objection that they are local or special, when they are general and uniform in their operation upon all in like situation." See, also, *Douglas* v. *People*, 225 Ill. 536.

It is, however, urged that there is no substantial difference between a county, a city, a village or a town, and that the statute, in fixing a liability for the destruction or injury of property in consequence of the action of a mob or riot, upon the counties or cities of the State and relieving from such liability the villages and towns of the State is an arbitrary classification of the municipal corporations of the State for the purpose of imposing such liability, and that such classification, as a basis of legislation, makes the act unconstitutional and void. The general rule is that a classification of the municipalities of the State, such as counties, cities, villages and towns, may be made a basis for legislation if such classification is based upon a rational difference of situation or condition found in the municipalities placed in the different classes. (*People* v. *Knopf*, 183 Ill. 410; *L'Hote* v. *Village of Milford*, 212 id. 418; *Douglas* v. *People, supra; Potwin* v. *Johnson, supra; Reynolds* v. *Town of Foster, supra; People* v. *Board of Supervisors, supra.*) The statutes of this State have provided for the organization of counties, cities, villages and towns, and we are of the opinion that there is such a rational difference between a county and a city, village or town, that had the liability fixed by the statute been placed alone upon the several counties of the State and the cities, villages and towns of the State been relieved from such liability, there could have been no reasonable contention made but that the classification, as a basis of legislation, would have been a valid one. We are also of the opinion that there is such a difference between a city, a village and a town as to form a rational basis as a classification upon which to base legislation. The several acts under which the cities, villages and towns of the

State are brought into existence have never been thought to be obnoxious to the constitution on the ground that there was no rational difference of situation or condition between a city, village or town. As we have seen, this court has heretofore held that there is such a rational difference between the counties of the State which are organized under township organization and those which are not, and between the cities of the State which are organized under special charters and those which are organized under the general law, as to form a basis for valid legislation. If the difference between the counties of the State organized under township organization and those which are not, and the cities of the State which are organized under special charters and those which are not, is sufficient upon which to base a classification for legislation, clearly we think the difference between a city and a village or town is sufficient to form such basis. We think, therefore, the act in question does not conflict with the constitution of the United States or of the constitution of this State for either of the two reasons suggested by the appellant, and that the same is not special or local legislation and for that reason unconstitutional and void.

In *State* v. *Hudson,* 44 Ohio St. 137, it was held a statute providing for a police force in "cities of the first grade of the first class" applied to all cities in that grade and class in the State, and is a law of a general nature, having a uniform operation throughout the State, and is constitutional. And in *State* v. *Berlin,* 21 S. C. 295, (53 Am. Rep. 677,) it was held a statute prohibiting the sale of intoxicating liquors outside of incorporated cities, towns and villages, but permitting it in those localities, was not unconstitutional. The author of the opinion in the last case, in quoting from Judge Cooley in his work on Constitutional Limitations, (2d ed. p. 390,) says: "The whole matter is well summed up in a note * * * in the following words: 'To make a statute a public law of general obligation it is not neces-

sary that it should be equally applicable to all parts of the State. All that is required is that it shall apply equally to all persons within the territorial limits described in the act.' " And in *Missouri* v. *Lewis,* 101 U. S. 22, Mr. Justice Bradley, in discussing the fourteenth amendment, said: "Each State has the right to make political subdivisions of its territory for municipal purposes and to regulate their local government. * * * Convenience, if not necessity, often requires this to be done, and it would seriously interfere with the power of a State to regulate its internal affairs to deny to it this right. * * * If every person residing or being in either portion of the State should be accorded the equal protection of the laws prevailing there, he could not justly complain of a violation of the clause referred to, for, as before said, it has respect to persons and classes of persons. It means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances." In *City of Chicago* v. *Manhattan Cement Co. supra,* on page 377, it was said: "Statutes similar to ours have been in force in England, as well as in several of the States in this country, for many years, and have uniformly been upheld by the courts. The constitutional right of legislatures to enact such laws under our form of government has been frequently challenged in courts of last resort, and our attention is called to no case denying that authority."

We have given the question discussed in the briefs filed in this case careful consideration, and are of the opinion the act in question, in the particular pointed out, is constitutional.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

SCOTT and FARMER, JJ., dissenting.