CHARLES F. KENNEDY, Appellant, *vs.* JOHN P. McGOVERN *et al.* Appellees.

*Opinion filed October 28, 1910.*

1. CONSTITUTIONAL LAW—*classification of counties may be reasonable or unreasonable, according to nature of the law.* A law which is based upon a classification of counties into those under township organization and those not so organized may be valid or invalid, according to whether the classification is reasonable or merely arbitrary, in view of the nature and purpose of legislation.

2. SAME—*amendment of 1907 making road commissioners personally liable for damages is invalid.* The amendment of 1907 to section 51 of the Roads and Bridges act, which makes highway commissioners in counties not under township organization personally liable for injury to person or property due to their failure or neglect to keep the highways of their district in repair, is invalid as special legislation, there being no reasonable ground for making the commissioners liable in counties not under township organization and not making the commissioners in counties under township organization liable under the same conditions.

APPEAL from the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding.

J. J. NEIGER, and J. J. COOKE, for appellant:

The General Assembly has full, unlimited and uncontrolled power to enact laws, except as limited by the constitution. The constitution is not a grant of power, but

rather a limitation of its power. *Firemen's Ass'n* v. *Louns-bury,* 21 Ill. 511; *Bradley* v. *Case,* 3 Scam. 585; *People* v. *Brown,* 11 Ill. 478; *Railway Co.* v. *Warrington,* 92 id. 157; *Richards* v. *Raymond,* 92 id. 612; *Harris* v. *Whiteside County,* 105 id. 445; *Wilson* v. *Trustees,* 133 id. 443.

The presumption is in favor of the constitutionality of a law of the General Assembly. *In re Welsh,* 17 Ill. 161; *Wulff* v. *Aldrich,* 124 id. 591; *Bunn* v. *People,* 45 id. 397.

Where it is doubtful whether the power has been granted to the legislature or denied, the doubt should always be resolved in favor of its existence. *Peacock* v. *People,* 98 Ill. 172; *Chicago* v. *Larned,* 34 id. 203.

The constitution of 1870, as well as the constitution of 1848, provides for county government in either of two modes. The first, and that which went into operation in all the counties in the State on the adoption of that instrument, is known as that which applies to counties not under township organization. The second provides for the mode of changing this county government to that of counties under township organization. Const. 1848, art. 5, sec. 19; art. 7, sec. 6; Const. 1870, art. 10, secs. 5, 6; *People* v. *Garner,* 47 Ill. 246.

Counties and townships, as municipal corporations, are political divisions of the State for purposes of government and as such are under legislative control. The laws governing them may be changed according to the legislative will. *Harris* v. *Whiteside County,* 105 Ill. 445; *Symes* v. *Clay,* 71 id. 355; *Hollenbeck* v. *Winnebago County,* 95 id. 148; *Coles* v. *Madison County,* Breese, 154; *Halliday* v. *People,* 5 Gilm. 214; *Freeport* v. *Stephenson County,* 41 Ill. 495; *Sangamon County* v. *Springfield,* 93 id. 66; *Marion County* v. *Law,* 108 id. 43; *Wetherell* v. *Devine,* 116 id. 631.

A law applicable to all counties of a class, as made or authorized by the constitution, is neither a local nor a spe-

cial law. If it applies to all the counties of a class authorized by the constitution to be made it is a general law, and whether there may be few or many counties to which its provisions will apply is a matter of no consequence. *Reynolds* v. *Foster,* 89 Ill. 257; *People* v. *Edgar County,* 223 id. 187; *Soap Co.* v. *Chicago,* 234 id. 314; *People* v. *Cook County Comrs.* 176 id. 576; *People* v. *Kipley,* 171 id. 72; *People* v. *Hazelwood,* 116 id. 319; *People* v. *Wright,* 70 ·id. 388; *Kucera* v. *Park Comrs.* 221 id. 488; *Kreitz* v. *Behrensmeyer,* 149 id. 496; *Storage Co.* v. *Chicago,* 235 id. 58; *Missouri* v. *Lewis,* 101 U. S. 22; Cooley's Const. Lim. (2d ed.) 390.

General laws are those which relate to or bind all within the jurisdiction of the law-making power, limited as that power may be in its territorial operation or by constitutional restraints. *People* v. *Cooper,* 83 Ill. 585; Sedgwick on Stat. and Const. Law, 30; *Arms* v. *Ayer,* 192 Ill. 601.

Upon the adoption of township organization by any county in this State the affairs of the county may, under section 8 of article 10 of the constitution, be transacted in such manner as the General Assembly may provide. *People* v. *Knopf,* 171 Ill. 191; *People* v. *Cook County Comrs.* 176 id. 576.

The general clause at the end of section 22 of article 4 of the constitution, which says that "where a general law can be made applicable no special law shall be enacted," addresses itself to the General Assembly alone. When that body has concluded a special law is necessary, except in the cases expressly prohibited, its conclusion is not subject to a judicial review. *Johnson* v. *Railroad Co.* 23 Ill. 202; *People* v. *Harper,* 91 id. 357; *Owners of Land* v. *People,* 113 id. 296; *Wilson* v. *Trustees,* 133 id. 443; *People* v. *Election Comrs.* 221 id. 9.

The Road law, applicable to all counties in the State acting under township organization, is not a local or spe-

246—32

cial act, within the meaning of the constitutional provisions against such legislation. *Reynolds* v. *Foster,* 89 Ill. 257; *People* v. *Edgar County,* 223 id. 198.

The act in relation to cities and villages is a general law and not a special or local law, although there might be municipalities in the State to which it is not applicable, such as those in existence under special charters which have not since sought to have their charters changed or amended. *Potwin* v. *Johnson,* 108 Ill. 70; *Soap Co.* v. *Chicago,* 234 id. 316.

MILTON McCLURE, for appellees:

In order to make an act which is local and special in its effect constitutional on the ground that it relates only to a certain line or kind of counties, there must be something, in the nature of things, which in some reasonable degree accounts for the division into classes. A general law applicable to all road commissioners in the State could as well have been passed as the special law here referred to. *Strong* v. *Dignan,* 207 Ill. 391; *L'Hote* v. *Milford,* 212 id. 418.

When a law is made applicable only to one class of individuals there must be some actual, substantial difference justifying the discrimination when considered with reference to the purposes of the legislation, and any discrimination between different classes of litigants which is merely arbitrary is a denial of the equal protection of the law. *Jones* v. *Railway Co.* 231 Ill. 308; *Millett* v. *People,* 117 id. 294; *Hecker* v. *Railroad Co.* 231 id. 578; *Sanitary District* v. *Bernstein,* 175 id. 215.

The privilege of being exempt from liability, when granted by unreasonable discrimination and without substantial difference and good reason, is a violation of the provision of the constitution under consideration, for in such case the act discriminates in favor of particular per-

sons of one class and against all others of the same class or situation. *Bessette* v. *People,* 193 Ill. 350; *People* v. *Martin,* 178 id. 611; *People* v. *Knopf,* 183 id. 421.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action in the circuit court of Cass county, brought by appellant, Charles F. Kennedy, against appellees, John P. McGovern, Milton McLane and Edward Kloker, seeking to hold them personally responsible for personal and property injuries suffered by him from driving into a wash-out in a highway under appellees' control as road commissioners in that county, which was not under township organization. Prior to 1907 the law provided, in counties under township organization as well as in counties not under township organization, that "the commissioners of highways shall have charge of the roads and bridges of their respective towns, [districts,] and it shall be their duty to keep the same in repair and to improve them so far as practicable." (Hurd's Stat. 1905, sec. 2, p. 1721; sec. 51, p. 1749.) In 1907 the legislature amended said section 51 of the Road and Bridge act, which applies to counties not under township organization, so as to read as follows: "The commissioners of highways shall have charge of the roads and bridges of their respective districts, and it shall be their duty to keep the same in repair, and improve them so far as practicable, and in case they fail or neglect to keep said roads and bridges in good repair, they shall personally be responsible for all damages that may be sustained by anyone either in person or property by reason of their failure or neglect to keep the same in good repair." (Hurd's Stat. 1909, p. 1942.) This action is brought under this section as amended. A general demurrer was filed by appellees and sustained and a judgment for costs entered against the plaintiff by the trial court on the ground that such section is unconstitutional in so far as it makes the commissioners personally responsible for damages sustained

by reason of their neglect to keep the roads and bridges of their districts in good repair. The constitutionality of this amendment is the only question presented for our determination on this appeal.

It is insisted that the amendment is unconstitutional because it is local or special in its nature. Laws public in their objects may, unless prohibited by constitutional provisions, be either general or local in their application. (Cooley's Const. Lim.—7th ed.—p. 554.) In this State special and local laws are forbidden by our constitution on several enumerated subjects. Upon other subjects special laws, to be constitutional, must apply to all members of a designated class, and the classification must rest upon some disability, attribute or classification, making them the proper objects for special legislation. (*People* v. *Wilcox,* 237 Ill. 421, and cases cited.) Section 22 of article 4 of the constitution of 1870, in enumerating the subjects upon which the General Assembly shall not pass local or special laws, includes "laying out, opening, altering and working roads or highways."

It is conceded that there can be no recovery on the declaration in this case unless under the amendment to said section 51 as above quoted; that prior to said amendment the declaration herein would not have been good against the highway commissioners in any county, whether under township organization or not under township organization, and that it would not be good now against the highway commissioners in a county under township organization. It is contended, however, by appellant, that this amendment is not a local or special law, as it applies alike to all counties not under township organization; that it does not follow that a law is special or local because it does not operate equally upon every individual in the State; that laws are general and uniform, not because they operate upon every person in the State, but because every person who is brought within the relations and circumstances provided for

is affected by such laws. (*Dawson Soap Co.* v. *City of Chicago,* 234 Ill. 314.) In support of his contention on this point appellant strongly relies upon the rulings of this court in *Reynolds* v. *Town of Foster,* 89 Ill. 257, and *People* v. *Board of Supervisors,* 223 id. 187. In the first of these two cases this court held that a law giving police magistrates and justices of the peace, in counties organized into townships, jurisdiction of complaints against persons for refusal or neglect to work upon roads when warned to do so, was not a special or local act within the meaning of the constitution; and in the second case it was held that it was not local or special legislation to provide for the appointment of judges of election, in counties under township organization, upon the basis of the vote at the last preceding election for Governor, at the same time providing that the basis in townships not under township organization should be the vote cast at the preceding "general election," which would include an election for county or even township officers. Under these decisions an act is not necessarily local or special that classifies counties into those under township organization and those not so organized. Such classification, however, in order to be valid, must be based upon reasonable and material distinctions. We think the provisions of the statutes considered in those cases are essentially different on the question of classification from the one now under consideration. A classification by counties into those under township organization and those not under township organization might be entirely reasonable for one purpose, being based upon a difference bearing some just and proper relation to the attempted classification, and therefore constitutional, but in another instance purely arbitrary and without reason, and therefore unconstitutional. (*Strong* v. *Dignan,* 207 Ill. 385; *People* v. *Onahan,* 170 id. 449; *People* v. *Martin,* 178 id. 611; *People* v. *Knopf,* 183 id. 410; *Booth* v. *Opel,* 244 id. 317.) Unless there be some sound reason or principle justifying

the placing of highway commissioners in counties not under township organization in one class and highway commissioners in counties under township organization in another class, as to their responsibility for damages sustained on the roads of their district, having in mind the purposes and objects to be attained by such legislation, the amendment in question must be held unconstitutional.

It is contended by counsel for appellant that there must necessarily be two codes of law, entirely different, governing counties not under township organization and those under township organization, and that therefore a different road and bridge law must apply to each class. To illustrate this point counsel state that in counties under township organization the highway commissioners appoint overseers and therefore are not directly in charge of the work on the road, while in counties not under township organization overseers cannot be appointed. In this counsel are in error. Highway commissioners in counties not under township organization are authorized, the same as in counties under township organization, to appoint general superintendents or overseers to look after the roads under their direction. (Hurd's Stat. 1909, sec. 3, p. 1911; sec. 52, p. 1942.) The laws for laying out and opening, altering or working roads or highways cannot be different in this State in counties under township organization from what they are in counties not under township organization, unless there is a substantial difference in the situation or circumstances of the two classes of counties when considered with reference to the purpose of the legislation in question. *L'Hote* v. *Village of Milford,* 212 Ill. 418; *Manowsky* v. *Stephan,* 233 id. 409; *Badenoch* v. *City of Chicago,* 222 id. 71; *Christy* v. *Elliott,* 216 id. 31; *People* v. *Election Comrs.* 221 id. 9; *Harding* v. *People,* 160 id. 459; *Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 id. 302.

In the matter of the personal liability of the highway commissioners we can see no just ground for distinction

between those in counties under township organization and those in counties not under township organization. The commissioners in both classes of counties have the same general responsibilities, and no liability for injury because of neglect to keep the highways in repair should be imposed upon one class that is not imposed upon the other. In a county not under township organization persons injured on the highway might, under this amendment, recover damages for such injuries from the commissioners of highways, when under exactly similar circumstances persons injured on this same highway but just across the county line, in a county under township organization, could not recover. The conclusion necessarily follows that the classification by counties, resulting from this amendment, is without any reasonable basis. The amendment must therefore be held unconstitutional.

There may be expressions in the various cases which, considered without reference to the special facts in the given case, seem to support the contention of appellant, but viewed in the light of the particular facts of the given case nothing is said in any of the decisions that in any way conflicts with the conclusion here reached.

Counsel for appellees also insists that the law is unconstitutional because the title of the amendment is not germane to the subject matter and because it violates the provision of the constitution concerning due process of law. In view of what has already been said in this opinion we do not find it necessary to consider or decide these questions.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*