# CASES

## THIRD DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1917.

---

Melissa J. Taylor, Appellee, v. Isaac J. Reed et al., Commissioners of Highways of Township 21, Allen's Grove Township, Mason County, Illinois, Appellants.

1. ROADS AND BRIDGES, § 165*—*when evidence insufficient to show diversion of water from natural course by grading.* On a bill by an owner of land abutting on both sides of a highway for an injunction requiring highway commissioners of a town to replace dirt removed from the highway, causing embankments against complainant's premises, and to remove obstructions to flow of water in its natural course and for damages from such improper grading, evidence *held* sufficient to show that the water was not diverted from its natural course upon complainant's land and that complainant's land was consequently not damaged.

2. ROADS AND BRIDGES, § 167*—*when abutting landowner not entitled to damages for injury to land and property due to improper grading.* A complainant is not entitled to both a mandatory injunction against highway commissioners to compel highway commissioners who have improperly graded a highway to make the bank along the side of the highway next the land of an adjoining landowner of a specified width, and damages because fences are undermined and land washed away.

3. ROADS AND BRIDGES, § 154*—*what is nature of work of highway commissioners in constructing or repairing highway.* The work

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(479)

of constructing or repairing a public highway is not a judicial but a ministerial act, and must be performed with a proper regard to individual rights.

4. Roads and Bridges, § 165*—*when township not liable for acts of highway commissioners in diverting water from its natural course.* A township is not liable for the unlawful conduct of its commissioners of highways in diverting water from its natural course, whereby the water is caused to flow upon the land of another.

5. Roads and Bridges—*when township is liable for failure of highway commissioners grading highway to construct culverts or crossings.* A township is liable for the failure of highway commissioners to fulfil their duty, under Hurd's Rev. St. ch. 121, sec. 105 [Cal. Ill. St. Supp. 1916, ¶ 10000(105)], to construct good and sufficient culverts or crossings at entrance gates or openings along the highway after grading the highway.

6. Costs, § 21*—*when taxed against complainant.* The costs, if any, occasioned by endeavoring to prove such allegations as a complainant has failed to prove, or for which he is not entitled to recover, should be assessed against him, unless such costs were necessarily made upon an allegation under which he is entitled to recover.

Appeal from the Circuit Court of Mason county; the Hon. Guy R. Williams, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917. Rehearing denied July 2, 1917.

Edmund P. Nischwitz and Thomas D. Masters, for appellants.

W. E. Stone and Stone & Dick, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

Melissa J. Taylor filed a bill in equity against Isaac J. Reed, J. H. Rankin and Jacob Clausen, alleging that she is the owner of the east half of the southeast quarter of Section 7 and of a life estate in the southwest quarter of the southwest quarter of Section 8 in

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Allen's Grove; that there is a public highway of the width of forty feet on the section line between said lands; that the slope of said land is such that the water in a state of nature ran northerly down the road and across the northwest quarter of the southwest quarter of Section 8, owned by one Barnett; that defendants are commissioners of highways, and as such have caused the road to be so graded that there was a ditch on either side of the highway about four feet deep within a few inches of her fence or line; "that in a state of nature said road was practically level and there was no grade or cut upon the sides"; that by said grading and by placing obstructions the defendants have caused the water, which in a state of nature passed down the road onto the premises of Barnett, to be diverted and to pass over complainant's land on the west side of the road to the great damage thereof. The bill prays that defendants be directed to replace the dirt removed from the highway causing embankments against complainant's premises, and that said embankments be left not less than one-tenth of the width of the road, and to remove the obstructions so as to permit the water to flow in its natural course upon the lands of Barnett; and that the damages to complainant's land resulting from such improper grading be ascertained and the defendants be decreed to pay the same.

The bill was amended by making Reed, Rankin and Clausen defendants as commissioners as well as personally. Answers were filed by the defendants personally and as commissioners, denying all the allegations of the bill alleging wrongful acts done by them.

A cross-bill was also filed by the Commissioners of Highways for the Town of Allen's Grove, alleging that the public highway described in the original bill was regularly laid out more than thirty years ago; that Melissa J. Taylor owns the land for eighty rods on

both sides of the highway, and said highway is practically level and has been so graded that it is practically passable for the greater part of the year; that at a certain point in said eighty rods, there has been a culvert across said highway continuously for over thirty years; that a pipe forty-eight inches in diameter is a part of said culvert; that said culvert permits surface water, which in a state of nature collected east of it, to flow across said highway along a natural water course from the southeast to the northwest over the land of the defendant; that no waters are brought to said culvert that would not flow there in a state of nature and it is necessary to keep said culvert clear of obstructions that said highway may be maintained fit for travel; that the defendant has planted trees along said water course and has caused the ends of the culvert to be obstructed and stopped up with limbs and tops of trees and debris and old junk, rendering said culvert useless and causing water to flow over said highway making it impassable, and that she has been notified to remove such obstructions but she refuses to do so and states that she proposes to fill up said pipe. The prayer of the cross-bill is that defendant be ordered to remove said obstructions from the natural water course and that she be enjoined from interfering with the natural flow of water in said water course.

The defendant answered the cross-bill denying that she had obstructed the water course and insisting that she is not asking relief against the commissioners of highways but has made them parties that the public may have notice of the relief prayed in her bill.

The evidence was heard before the chancellor. At the beginning of the trial a stipulation was entered into between the parties that the decree to be entered shall provide that "the ditches in the roadway commencing at the northwest corner of the southwest quarter of the southwest quarter of Section 8, and running thence

north to the highway extending on a line east and west" shall, by the commissioners of highways of said Township 21, be cleared of obstructions of hedge brush and silt and the ditch kept open; "and that the ditch on the west side shall be constructed with a uniform berm of three and one-half feet from the west line of said road"; and the ditches shall be kept clean of a uniform depth and that these alterations and changes in the ditches shall be completed by the commissioners within six months from date of order. It is further stipulated that the complainant, and cross-defendant, will permit the culvert under the roadway between the southwest quarter of the southwest quarter of Section 8, and the southeast quarter of the southeast quarter of Section 7, to remain in the condition it now is in, and that "she will not place any obstructions in the ditch that will close it up or interfere with the opening of the culvert; and that she will keep the openings of the culvert from the east and west sides open so that water can freely flow through, in so far as there shall be any obstructions in the water course on the east and west sides of said culvert upon the lands of complainant, leaving the question of damages to be determined by the court."

A decree was entered setting forth the stipulation *verbatim*, and ordering that the obstructions in the ditch on the east side of the highway consisting of hedge brush and silt be removed and the ditch kept open by the commissioners and their successors, and that the commissioners and their successors shall cause the ditch on the west side to be so constructed that there shall be a uniform berm of three and a half feet from the west line of said ditch to the fence, and said ditches shall be of uniform depth and shall be kept clear by the commissioners, and that these alterations and changes shall be completed within six months from the date of this order.

It is further decreed that the complainant, the cross-defendant, be and is enjoined from obstructing the culvert under the roadway south of her residence and that she shall keep said culvert open and free from obstructions on her land.

The court further finds from the evidence that the grading of the roadway as described in the original bill has damaged her premises to the extent of $100, and it is decreed that the defendants, as Commissioners of the Township of Allen's Grove, and their successors, pay to the complainant within thirty days the sum of $100 together with the costs to be taxed.

The decree is an agreed decree, except upon the question of damages. The only questions argued are whether the township can be held liable for damages and, if so, what amount should be assessed against it, and should it be held for all the costs in the case?

Counsel for appellee have in their brief drawn a plat which shows the drainage of the surface water over the land owned by appellee, and in which she had a life interest, and over the land owned by Barnett. This sketch shows conclusively that the commissioners have not diverted water from its natural course upon her land, but, by the ditches on the east side of her land, water which would naturally run over it is carried around it. So that the land of the complainant has not been damaged by the diverting of water upon it and she has been benefited by the water being carried around her land by the acts of the commissioners. It is also contended that the ditches are so close to her fence that, in time, water running in the ditches will undermine the fences and take away their support. The proof tends to show that in one place on the west side of the road the ditch, which there is one foot deep, is within four inches of the fence, but the general tenor of the evidence is that the banks between the ditches and the fences were on the top from two to four feet

wide. It was agreed and the decree provides that the commissioners shall make the bank on the west side of the road across appellee's land of the uniform width of three and one-half feet. When that is done there will not be any injury to her land, and she is not entitled to both a mandatory injunction and damages because of her fences being undermined and land washed away, which is part of the damages alleged in her bill.

The decree adjudges that said defendants, "as Commissioners of the Township of Allen's Grove, in the county of Mason, aforesaid, and their successors in office, pay to the said Melissa J. Taylor, within thirty days from this date, the said sum of $100 together with the costs in this proceeding to be taxed." The decree for damages is against the township, apparently for damages for alleged diversion of water upon the land of complainant, and for digging ditches too near the property line, and for damages to her means of ingress and egress to and from her land.

The work of constructing or repairing a public highway is not a judicial but is a ministerial act, and must be performed with a proper regard to individual rights. A town is not liable to an action for the unlawful conduct of its commissioners of highways in diverting water from its natural course, whereby the water is caused to flow upon the land of another. *Cooney v. Town of Hartland*, 95 Ill. 516; *Town of Waltham v. Kemper*, 55 Ill. 348; *Tearney v. Smith*, 86 Ill. 391; *Nagle v. Wakey*, 161 Ill. 387; *Kennedy v. McGovern*, 246 Ill. 497; *Padfield v. Frey*, 133 Ill. App. 232.

The decree is erroneous in assessing damages against the township for the alleged diversion of water and the excavating of the ditch so that the fences would be undermined.

The statute requires that: "In grading roads, whenever practical, it shall be done so as to leave not less than one-tenth of the width of the road on each side

for a sidewalk; and   *   *   *   if a ditch is made at the *   *   *   entrance of gates, or other openings of adjoining premises, the road authorities shall construct good and sufficient culverts, or other convenient crossings.'' Hurd's Rev. St. ch. 121, sec. 105. [Cal. Ill. St. Supp. 1916, ¶ 10000(105).] The proof shows that at two places where appellee had gateways to her fields from the road, ditches were left two or three feet deep without any culvert, and at another entrance what was claimed to be an insufficient culvert was placed, that left the ditch so low that loaded wagons could not cross it. It is the duty of the commissioners of highways in their official capacity to make good and sufficient culverts or crossings at entrance gates or openings along the highway. This being a requirement of the statute, and the township having failed to make such crossings, the township is liable for such failure. The question of the measure of damages for the failure to make proper crossings has not been argued, and we express no opinion concerning it.

The costs, if any, occasioned by endeavoring to prove such allegations as appellee has failed to prove, or for which she is not entitled to recover, should be assessed against her, unless such costs were necessarily made upon an allegation under which she is entitled to recover.

The decree is reversed and the cause remanded because of the errors indicated.

*Reversed and remanded.*