MARY COONEY *et al.*

*v.*

THE TOWN OF HARTLAND.

*Filed at Ottawa June 16, 1880.*

TOWNS—*not liable for torts of commissioners of highways.*  A town is not liable to an action for the unlawful conduct of its commissioners of highways in diverting from its natural course a stream of water in the construction or improvement of a public highway, whereby the water is caused to flow upon the land of another.  If the commissioners, in doing a lawful act, seize private property without lawful right, or injure the same unlawfully, the tort is that of the man or men who do the unlawful act, and is not that of such a corporation.

APPEAL from the Appellate Court for the Second District; the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and Hon. JOSEPH SIBLEY and Hon. EDWIN S. LELAND, Justices, —heard in that court on appeal from the Circuit Court of McHenry county, the Hon. HIRAM H. CODY, Judge, presiding.

Mr. T. D. MURPHY, and Mr. M. L. JOSLYN, for the appellants:

Under the provisions of the township organization law it is made the duty of the town to build, construct and maintain all roads in said town necessary for the convenience of

the public, the commissioners of highways being its agents therefor.

Without discussing the rulings of courts of other States, it is sufficient for our purpose that this court has held that the town is liable in a case involving the question of liability of towns for such infraction of the rights of the citizen by the road officers of the town, as in this case. *Nevins* v. *Peoria,* 41 Ill. 502; *Perkins* v. *Brearton,* id. 477; *Aurora* v. *Reed,* 57 id. 30; *Aurora* v. *Gilbert,* 56 id. 132; *Alton* v. *Hope,* 68 id. 167; *Jacksonville* v. *Lambert,* 62 id. 59; *Town of Harlem* v. *Emmert,* 41 id. 319; *Tearney et al.* v. *Smith,* 86 id. 391.

To show that the doctrine of the case of *Nevins* v. *Peoria* is applicable to the towns of this State the same as to municipal corporations proper, we refer the court to the case of *Tearney et al.* v. *Smith,* above cited, which is a case like the present.

The cases that the appellee's counsel have referred to are not in point or applicable to the case at bar. They relate in every instance to cases of *omission* on the part of the town and county officers to perform their duty, and not a case of them is like this, where the charge is for performing a duty so negligently and unskillfully that damage was occasioned thereby to the plaintiff.

A township is a corporation capable of being sued, and it is liable for the negligent acts of its officers, by means of which private rights are invaded. *Mayor of Lynn* v. *Turner,* Cowp. 86; *Dean* v. *New Milford,* 5 Watts & Serg. 545.

Mr. WILLIAM BARGE, and Mr. B. N. SMITH, for the appellee:

A town under the township organization law, being incorporated without its consent, is not liable for the acts of its officers while in the discharge of a public duty. *Symonds* v. *Clay County,* 71 Ill. 355; *The Town of Waltham* v. *Kemper,* 55 id. 346; *Bussell, Admr. et al.* v. *The Town of Steuben,* 57 id. 35; *White et al.* v. *County of Bond,* 58 id. 297; *Hedges* v. *The County of Madison,* 1 Gilm. 567; *Commissioners of Hamil-*

*ton Co.* v. *Mighels*, 7 Ohio St. 110; *Sherbourne* v. *Yuba County*, 21 Cal. 113; *Bigelow* v. *Inhabitants of Randolph*, 14 Gray, 541; *Eastman* v. *Town of Meredith*, 36 N. H. 284; 1 Dillon on Mun. Corp. sec 10 *a;* 2 Dillon on Mun. Corp. secs. 761, 762, 764, 785; Cooley's Const. Lim. 246, 247; *Towle* v. *Common Council of Alexandria*, 3 Pet. 398; *Russell et al.* v. *The Men Dwelling in the County of Devon*, 2 Term R. 671; *Hill* v. *Boston*, 122 Mass. 344; *City of Richmond* v. *Long's Administrators*, 17 Grattan, 375; *Askew* v. *Hale County*, 54 Ala. 639; *Wheatley* v. *Mercer County*, 9 Bush (Ky.) 704; *Crowell* v. *Sonoma County*, 25 Cal. 313; *Wehn* v. *Commissioners of Sage County*, 5 Neb. 494; *Freeholders of Sussex* v. *Straeder*, 3 Harrison (N. J.) 108; *Cooley* v. *Freeholders of Sussex*, 3 Dutch. (N. J.) 415; *Riddle* v. *Locks, etc.* 7 Mass. 169; *Mown* v. *Leicester*, 9 id. 250; *Chidsey* v. *Town of Canton*, 17 Conn. 475; *Reardon* v. *St. Louis County*, 36 Mo. 555; *Wand* v. *Hartford County*, 12 Conn. 404; *Fisher* v. *Boston*, 104 Mass. 87; *Oliver* v. *Worcester*, 102 id. 499; *Finch* v. *Board of Education*, 30 Ohio St. 37; *Town of Waltham* v. *Kemper*, 55 Ill. 348.

Mr. Justice Dickey delivered the opinion of the Court:

This is an action by appellants against the town, seeking damages for injury to the lands of appellants, alleged to have been caused by the unlawful conduct of the highway commissioners of the town in diverting (in the construction or improvement of a public highway) from its natural course a stream of water, whereby it was caused to flow upon the lands of appellants.

It is insisted by appellants that a distinction should be taken in such cases between acts of omission and acts of commission; that in the case of *Town of Waltham* v. *Kemper*, 55 Ill. 348, this court passed only upon a case of a neglect to perform an affirmative act, and while holding that such corporations are not liable for a failure to repair a bridge, the court did not hold that towns are not responsible for affirmative acts of tort done in its behalf by its officers.

The suggestion is plausible rather than substantial. The town may construct a road lawfully by its commissioners of highways, but if the commissioners seize private property without lawful right, or injure the same unlawfully, the tort is that of the man or men who do the unlawful act, whether they be public officers or not, and can not be regarded properly as the act of such a corporation.

The judgment in this case must be affirmed.

*Judgment affirmed.*