WILLIAM H. PETERSON, 1126; J. A. PETERSON, 1127, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1928.*

M. L. HAY, for claimants.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

MR. JUSTICE THOMAS delivered the opinion of the court:

As these two cases involve the same questions of law and fact they will be consolidated and heard together.

The declaration of J. A. Peterson alleges he is the owner of the East Half of the Northeast Quarter of Section Thirty-three in Township Fourteen North, Range Five East of the Fourth Principal Meridian in Henry County and that the State by its Department of Public Works and Buildings, in the year 1923, erected and completed a hard road along and on the north side of said land known as Route No. 28 and another hard road along and on the east side of said land known as Route 30; that said roads are hard surfaced roads laid upon high grades; "that said grades were and now are so improperly built and erected that they throw onto the North twenty acres of land in times of high water more than the natural amount of water which without said roads so improperly constructed would be thrown onto said land; that said roads are so constructed that the water so thrown onto this plaintiff's land cannot and does not escape and run off therefrom;" that "by reason of the improper construction of

the grades along said land" the land has been rendered unfit for cultivation and damaged $2,000.00 and the crops for the year 1924 of the value of $750.00 were lost to him.

The declaration of William H. Peterson alleges that he rented the aforesaid lands for the year 1924 and had a portion of it in oats. The declaration describes the two roads and alleges "there was no reason for the construction of the bridge in the grading on the north side of the premises and that the construction of said bridge at that location causes water which flows down Indian Creek and which should flow east to flow in upon the land which he farms;" that said grade and bridges are so constructed that water runs in upon the land farmed by him both from the north and east sides; that on account of the bridges "being improperly constructed" water came onto the land and was held there by the grade of the road and destroyed his oats crop; "that said loss was caused directly by the improper construction of the hard roads erected by the Department of Public Works and Buildings of the State of Illinois."

In his affidavit verifying his declaration William H. Peterson says "he has a good cause of action on account of the improper manner in which the embankments of hard roads number 28 and 30 were constructed" along the east and north sides of the land; "that the improper construction of said hard roads threw surface and channel water upon his land which did not naturally flow thereon;" and "that by reason of the improper construction of said roads" the whole crop of oats was lost to him.

J. A. Peterson asks $2,750.00 damages and William H. Peterson $350.00.

The Attorney General has filed a general demurrer to each declaration.

It is apparent that the damages claimed are based on the negligence or wrongful conduct of the agents of the State in constructing these roads. The State is never liable for the wrongful conduct or negligence of its officers or agents. In *Kinnare* v. *City of Chicago*, 171 Ill. 332, on page 335, our Supreme Court announced that doctrine in the following language: "The State acts in its sovereign capacity, and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for the more

efficient exercise of governmental functions is likewise exempted from the obligation to respond in damages, as master, for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly provided by the statute creating such agency. *Town of Waltham* v. *Kemper,* 55 Ill. 346; *Elmore* v. *Drainage Comrs.,* 135 id. 269; *Symonds* v. *Clay County,* 71 id. 355; *Town of Odell* v. *Schrooder,* 58 id. 353; *Wilcox* v. *City of Chicago,* 107 id. 334; *Nagle* v. *Wakey,* 161 id. 387; *15 Am. & Eng. Ency. of Law,* p. 1164; *2 Dillon on Mun. Corp.,* p. 1193." The Department of Public Works and Buildings is one of the departments of the state government. The Division of Highways of that department has the construction and maintenance of state roads in its charge. If in the performance of the duties required of them in the construction of a state road the employees commit a wrong whereby the person or property of a citizen is injured the tort is that of the man or men who do the unlawful act, whether they be public officers or not, and cannot be regarded as the act of the State. (*Cooney* v. *Town of Hartland,* 95 Ill. 516) We know of no exception to this rule. In *Gibbons* v. *United States,* 8 Wall. 269, the court said, "No government has ever held itself liable to individuals for the misfeasance, laches or unauthorized exercise of power by its officers and agents, however gross." In *Jorgenson* v. *State,* 2 Ct. Cl. 134, in discussing this question this court said: "This proposition of law, so well established, has been consistently followed by this court in the adjudication of all claims that have ever come before it, and applies with equal force to the cause now on hearing." Many other cases might be cited announcing the same principle of law, but we deem it unnecessary to do so. It is perfectly clear that neither of the declarations states a cause of action against the State, and unless they do no award can be based upon them.

Claimants seem to recognize the fact their claims are not legal, for they say "they know whatever is allowed them will be allowed out of equity and good conscience." The statute creating the court of claims gives it power to hear and determine all claims and demands, legal and equitable, which the State, as a sovereign commonwealth, should, in equity and good conscience, discharge and pay. It is plain from the language of this statute that no claim against the State can be allowed by this court unless there is either a legal or equit-

able obligation of the State to pay it. Before a claimant can have an award against the State he must show he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point to any law giving him the right to an award he cannot invoke the principle of equity to secure the award. Where there is no legal liability equity cannot create one. (*10 R. C. L.,* sec. 132.) Equity is not the court's sense of moral right; it is not the power of the court to decide a case according to a high standard of abstract right, regardless of the law; it is a complex system of established law. In *Murdock Parlor Crate Co.* v. *Commonwealth,* 24 N. E. 855, the Supreme Judicial Court of Massachusetts construed a statute of that state giving the courts of the state jurisdiction of claims against the commonwealth. The statute in question gave the superior court "jurisdiction of all claims against the commonwealth, whether at law or in equity." It was contended that this language made the state "responsible for a tort committed by its servants." In discussing that question, after citing authorities showing the general rule of non-liability of the state for such torts, the court said: "The act we are discussing discloses no intention to create against the state a new, and heretofore unrecognized class of liabilities, but only an intention to provide a judicial tribunal where well-recognized existing liabilities can be adjudicated. Where wrongs are done to individuals by those who are the servants of the government, those injured are not remediless, as such persons may be sued as may be other citizens for the torts which they commit." In *Schmidt* v. *State,* 1 Ct. Cl. 76, in discussing this question, this court said on page 79: "The law creating this commission does not undertake to create a new liability against the State but provides a method by which claims against the State may be heard before this commission, and the claim rejected or an award made in favor of the claimant." And on page 80 of the opinion it is further said: "It is our understanding that in the use of the language 'to determine the same according to the principles of equity and justice' is meant and used with a legal signification and that this commission has no power to make an award in any case unless the facts show a legal or equitable claim against the State. We do not believe it was the intention of the Legislature to leave it discretionary with the commission to make an award

in favor of the claimant regardless of the question as to whether or not he had a legal claim against the State. We are of the opinion further, that it would be an exceedingly dangerous precedent to hold that the commission had any such discretion.'' See also *Jorgensen* v. *State, supra.* To give this statute the construction contended for by claimants would result in giving this court power to hold the State liable for the misfeasance and malfeasance of all its officers, the torts of all its servants and agents, and all damages caused by the wrongful exercise of their powers by such officers and agents. We do not believe the legislature intended any such radical and far reaching change in the law when it enacted the statute creating this court. It follows that the demurrers to the declarations of claimants must be sustained.

We will add that we have carefully read and considered the evidence filed in the cases and do not believe it shows claimants' damages were caused by the improper construction of the roads, but were the direct result of an unprecedentedly heavy rain.

The claims will therefore be denied and the cases dismissed.