(No. 1281—

G. F. Braun, Claimant, vs. State of Illinois, Respondent.

*Opinion filed October 24, 1928.*

G. F. Braun, pro se.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

This claim is for damages to the automobile of claimant alleged to have been caused by the negligence of the driver of a truck owned by the State and then being used in maintenance work on State Highway No. 36. The declaration is drawn on the theory that the State is liable for injuries caused by the negligent conduct of its employees. The whole case of claimant is presented on the assumption that the same principles of law apply to the State as are applicable to individuals and corporations. In this assumption claimant is in error. Individuals and corporations may be liable for damages caused by the negligence of their agents or servants. The State, however, is never liable for damages caused by the negligence of its servants, agents or officers unless there is a statute expressly making it so liable. This rule has been so frequently announced that it ought to be familiar to all members of the legal profession. In *Kinnare* v. *City of Chicago*, 171 Ill. 332, at page 335, the Supreme Court of the State announced the rule in the following language: "The State acts in its sovereign capacity, and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for the more efficient exercise of governmental

functions is likewise exempted from the obligation to respond in damages, as master, for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly provided by the statute creating such agency." The maintenance of a state highway is a governmental function which the State exercises through its officers and employees. If, in the discharge of his duties, an employee is negligent and such negligence causes injury or damage to the person or property of another the negligence is the act of the employee and cannot be regarded as the act of the State. (*Cooney* v. *Town of Hartland*, 95 Ill. 516.) In discussing this question in *Jorgensen* v. *State*, 2 Ct. Cl. 134, this court said: "This proposition of law, so well established, has been consistently followed by this court in the adjudication of all claims that have ever come before it, and applies with equal force to the cause now on hearing." Many decisions of this court announcing the same rule have been made since that time. The law being as it is, it necessarily follows that claimant is not entitled to an award against the State. His right of action is against the driver of the truck.

The claim is therefore denied and the cause dismissed.