(No. 1234—

MILDRED ALMA CHUMBLER, ADMINISTRATRIX OF THE ESTATE OF LYNN CHUMBLER, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

*Rehearing denied March 28, 1929.*

SIMS, WELCH, GODMAN & STRANSKY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On September 11, 1926, Lynn Chumbler was hauling a truck loaded with lumber along State Route No. 5 between Galena and Elizabeth. In going up a steep grade known as Nolan's Hill Chumbler lost control of the truck and it rolled backward down the hill. At the foot of the hill was a fill or embankment about twenty feet high, along which no guard rail or fence had been erected. When the truck reached this fill it went over the embankment and Chumbler was killed in the fall. It is alleged that the failure to erect guards along the fill was the cause of Chumbler's death, and the claim filed is based on the proposition that it is the duty of the State to construct and maintain all State roads in a safe condition for travel and that it is liable for all damages caused by its failure to do so. With this contention we cannot agree.

In the construction and maintenance of roads the State acts in its governmental capacity,—it is exercising its sovereign powers—and it does not permit these powers to be questioned by any tribunal. It can only act through its officers and employees, and if these officers perform their duties in a negligent manner the negligence is the negligence of the officers and not of the State. These well known principles of law are so thoroughly established that citation of authorities seems unnecessary. In *Kinnare* v. *City of Chicago,* 171 Ill. 332, the rule is announced in the following language at page

335: "The State acts in its sovereign capacity, and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for the more efficient exercise of governmental functions is likewise exempted from the obligation to respond in damages, as master, for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly provided by the statute creating such agency." See also *Cooney* v. *Town of Hartland*, 95 Ill. 516; *Jorgensen* v. *State*, 2 Ct. Cl. 134; *Braun* v. *State*, No. 1281, decided by this court October 24, 1928. The General Assembly has never enacted a law making the State liable for damages caused by the negligent construction of a public road, and this court has no power to make an award for such damages in the absence of such a statute.

The claim is denied and the cause dismissed.

On March 28, 1929, upon petition for rehearing the following additional opinion was filed:

On the 5th day of March, A. D. 1929, claimant filed her petition for a rehearing in this cause. In her petition for a rehearing claimant does not set up any matter which the court did not give due consideration in the original opinion in this case. The court fails to see any legal liability on the part of the defendant in this cause and the petition for a rehearing is therefore denied.