FRANK THEILER, 1413; JULIA COSGRAVE, 1414; HENRY McMILLEN, 1415; M. E. SPAFFORD, 1416; FRANK HILLOCK, 1417; FRED SHAW, 1450, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1929.*
*Rehearing denied June 26, 1929.*

JOSEPH KEIG, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

By stipulation of the parties these cases are consolidated.

Claimants' demands are for damages alleged to have been caused by flooding their lands with water from the Illinois and Michigan canal. The declarations are all substantially alike. The first count charges that the employees of the State carelessly and negligently permitted the waters in the canal to rise to such heights that they overflowed and weakened the banks of the canal so that the banks broke and thereby overflowed the lands of claimants. The second count charges that the officers and employees of the State charged with the control and operation of the canal permitted the banks of the canal to become so weak and deteriorated that when on the 4th day of June, 1927, there was a heavy rainfall the banks by reason of said weakened and deteriorated condition could not hold the waters which flowed into the canal and said waters burst and broke the weakened and deteriorated banks and overflowed the lands of claimants.

It has been often held by this court, the courts of other states, and the federal courts, that the State is not liable for damages caused by the negligence of its officers, agents, employees or servants in the absence of a statute making it so liable. In the operation of the Illinois and Michigan canal the State is exercising its sovereign powers, and it does not permit these powers to be questioned by any tribunal. It can only act through or by its officers and employees, and if such officers or employees perform their duties in a negligent manner the negligence is the negligence of the officers or employees and not of the State. In *Kinnare* v. *City of Chicago*, 171 Ill. 332, the rule is stated by our Supreme Court, at page 335, as follows: "The State acts in its sovereign capacity, and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for the more efficient exercise of governmental functions is likewise exempted from the obligation to respond in damages, as master, for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly provided by the statute creating such agency." See also *Cooney* v. *Town of Hartland*, 95 Ill. 516; *Jorgensen* v. *State*, 2 Ct. Cl. 134; *Braun* v. *State*, No. 1281, opinion filed Oct. 28, 1928; *Peterson* v. *State*, No. 1127, opinion filed Sept. 11, 1928. Under this rule complainants cannot maintain

actions against the State for the negligence alleged in their declarations.

We have read the abstracts of the evidence filed in these cases and find that the claimants have wholly failed to prove any negligence on the part of the employees of the State in relation to the canal in question. The mere fact that the canal overflowed its banks or that a washout in the bank occurred is not standing alone proof of negligence. There is no evidence of failure on the part of the employees to do all they could be reasonably expected to do under the circumstances that existed. Even if the State were liable for the negligence of its employees claimants would have to prove the break in the canal bank was caused by their negligence. This they have wholly failed to do. The break was caused by an exceptionally heavy rainfall—a cloudburst, as some of the witnesses described it. Even a private corporation operating the canal would not be liable for damages occasioned an adjacent landowner by extraordinary floods which could not be foreseen.

The portion of the Illinois and Michigan canal involved in these claims is a part of the Illinois waterway and is under the jurisdiction of the Department of Public Works and Buildings. *Illinois Water Way Act.* Smith-Hurd 1927 Statutes, pp. 221-226. Section 24 of that Act provides that all claims for damages shall be filed with the Department of Public Works and Buildings, and sets forth in detail the procedure to be followed in determining whether damages shall be allowed, how the amount shall be ascertained and fixed, and the manner of payment.

In no view of the case are claimants entitled to an award by this court.

The claims are denied and the cases dismissed.

On June 26, 1929, upon petition for rehearing the following additional opinion was filed:

Claimants in these cases have filed a petition for a rehearing. The petition in fact is but a reargument of the questions involved in the cases. In the opinion filed in these cases we not only followed the consistent holding of this court that the State is not liable for the negligence of its agents, but we specifically found from the evidence submitted that claimants had wholly failed to prove negligence on the

part of the employees of the State. We have again examined the evidence on that question and are fully satisfied that our finding in that regard is correct. The petition for a rehearing is denied and the order denying awards and dismissing the claims is ordered to stand as the final judgment of the court.