(No. 1438—

LOUISE B. HILL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*
*Rehearing denied September 10, 1929.*

HIBBS AND POOL, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant's demand is for damages alleged to have been caused to her property by the construction of an embankment on the right of way of the Illinois and Michigan canal in such a negligent and improper manner as to cast the water back upon the premises of the claimant. The first count charges that her premises were flooded on September 23, 1926, and sustained damages to the amount of $359.70. The second

count charges that they were again flooded May 27, 1927, and sustained damages to the amount of $252.00.

The cause of action is based upon negligence. The State is not liable for the negligent acts and conduct of its agents, employees or officers when acting in its sovereign capacity. In constructing and operating the Illinois and Michigan canal the State is exercising its sovereign powers. In their performance it can only act through or by its officers and employees, and if such officers or employees perform the duties in a negligent manner, the negligence is the negligence of the officers and employees and not of the State. *Kinnare* v. *City of Chicago*, 17 Ill. 332; *Cooney* v. *Town of Hartland*, 95 Ill. 516; *Jorgenson'*v. *State*, 2 C. C. 134. See also opinions of this court in *Braun* v. *State*, No. 1281, filed October 28, 1928; *Peterson* v. *State*, No. 1127, filed September 11, 1928; *Thieler* v. *State*, No. 1413, filed April 25, 1929. Under the rule announced in these cases claimant cannot maintain her action against the State for the negligence alleged in her declaration.

This court has no jurisdiction to hear claims against the State for damages alleged to have been caused by the construction and operation of the Illinois and Michigan canal. This canal is a part of the Illinois waterway and is under the jurisdiction of the Department of Public Works and Buildings. *Illinois Waterway Act*, Smith-Hurd 1927 Statutes, pp. 221-226. Section 24 of that Act provides that *all claims for damages* shall be filed with the Department of Public Works and Buildings, and sets forth in detail the procedure to be followed in determining whether damages shall be allowed, how the amount shall be ascertained and fixed, and the method of payment. Inasmuch as the General Assembly has seen fit to provide that claims for damages arising out of the construction of the Illinois Waterway shall be filed with the Department of Public Works and Buildings and heard by it, this court has no jurisdiction.

The claim is therefore denied and the case dismissed.

On September 10, 1929, upon petition for rehearing, the following additional opinion was filed:

The petition for rehearing was filed by claimant on June 1, 1929. She sets up in her petition that the issues for rehearing are the same in this case as in cases Number 1421 to Number 1428, both inclusive, and Number 1431, and adopts the petition in those cases as her petition in this one.

The court has considered the petitions for rehearing in the above cited cases in this case, and, after full consideration of the petitions in the cases cited, has arrived at the same conclusion in this case as in those cases and the petition for a rehearing is denied.