(No. 1523—

ERWIN J. KERSHAW, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 15, 1930.*
*Rehearing denied March 12, 1930.*

MELVILLE MUCKLESTONE, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for $4,160.00 damages alleged to have been caused by the wrecking of a Lincoln Paige aeroplane belong-

ing to claimant on April 5, 1929, at the Municipal Airport of Chicago in a collision with a Douglas aeroplane being operated by Lieutenant Reginald Kuhn of the 108 Observation Squadron of the Illinois National Guard. It is charged in the declaration that the collision and resultant injury to claimant's plane was caused by the negligence and carelessness of Lieutenant Kuhn in the operation of the plane he was piloting, and that at the time of the collision Kuhn was an officer and agent of the Illinois National Guard.

The Illinois National Guard is a part of the State government, and this action is based on the theory that its officers are agents of the State and the State is liable for the damages caused by the careless and negligent conduct of its agents. It is an almost universal rule that the State is not liable for the torts of its officers and agents in the absence of a statute making it so liable. If an officer of the National Guard causes damage to a citizen by his wrongful act the wrongful act is the individual act of the officer and not of the State. (*Haye et al.* v. *The State,* 5 Ct. Cl. 359; *Joos* v. *Ill. Nat'l Guard,* 257 Ill. 138; *Hollenbeck* v. *Winnebago Co.,* 95 Ill. 148; *Cooney* v. *Town of Hartland,* 95 Ill. 516). The injured person is not without remedy, however. He can have his action against the person causing the injury for the damage suffered thereby.

There being no liability on the part of the State for the damages claimed, the award is denied and the case dismissed.

On March 12, 1930, upon petition for rehearing, the following additional opinion was filed:

The claimant Erwin J. Kershaw by his attorney, filed his petition for rehearing on the 7th day of February, 1930, and the court heard oral argument of the claimant's attorney in open court on March 12, 1930.

The claimant in his petition for rehearing and also the oral argument did not present any matter that was not duly considered by this court in the original opinion in this case.

The petition for rehearing is denied.