*Opinion filed March 6, 1933.*
*Rehearing granted May 2, 1933.*
*Opinion on rehearing filed June 1, 1933.*

MARTHA CONNOLE, ADMINISTRATRIX OF THE ESTATE OF HUGH HANKINS, Deceased, No. 1767, ONIE HANKINS, No. 1768, CARL HANKINS, No. 1769, PEARL CUFF, No. 1770, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

G. C. BORDERS AND T. A. GASAWAY, for claimants.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

These claims are all based on the same facts, and have been consolidated for hearing. On December 26, 1930, Sam Sonnenberg, an employee of the Division of Highways, was driving a State truck on Route 11 near Collinsville. As he was going up a hill just out of Collinsville the truck stalled. It was about 9:15 o'clock p. m., cloudy and misty but not yet dark. There was no starter on the truck and he got out to crank it. While he was cranking it Carl Hankins, one of the claimants, ran into it from the rear. Hankins was driving a Ford Tudor Sedan. In the automobile with him were his wife, Onie Hankins, their 14 months old baby, Hugh Hankins, Mrs. Pearl Cuff and two of his other children. Mrs. Hankins was sitting in the front seat holding the baby on her lap and Mrs. Cuff and the other two children were in the rear seat. The truck was near the curb on the right hand side of the pavement and had no lights on it. The lights on the Hankins car were burning. As a result of the collision the baby was killed, Mr. and Mrs. Hankins and Mrs. Cuff were injured and the automobile was wrecked. Mr. Hankins is asking $3,000.00

damages, Mrs. Hankins $10,000.00, Mrs. Cuff $5,000.00 and the administrix of Hugh Hankins $5,000.00.

Claimants base their claim to awards on the theory that the State is liable for damages caused by the negligence of its employees and agents. In this claimants are in error. While individuals and private corporations are liable for damages caused by the negligence of their employees and agents the rule does not apply to the State nor to sub-divisions of the State created for governmental purposes. The State is never responsible for the negligence, misfeasance, malfeasance, or omissions of duty of its officers, agents or employees. It does not undertake to guarantee to any one that its employees will be faithful, competent or careful in the performance of their duties, as that would involve it in endless difficulties and losses which would be subversive to the public interests. (*Gibbons* vs. *U. S.* 8 *Wallace,* 269; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Davenport Fish Co.* vs. *State,* 5 Ct. Cl. 209; *Story on Agency,* sec. 319.) After quoting Judge Story on the foregoing rule in *Gibbons* vs. *U. S., supra,* Mr. Justice Miller said: ''The general principle which we have already stated as applicable to all governments, forbids, on a policy imposed by necessity, that they should hold themselves liable for unauthorized wrongs inflicted by their officers on the citizen, though occurring while engaged in the discharge of official duties.'' In *Minear* vs. *State Board of Agriculture, supra,* our own Supreme Court said: ''If, as we hold, the State Board of Agriculture is an agency of the State in the exercise of governmental functions, it is not liable, under the common law, for injuries claimed to have been sustained as a result of its negligence. This is not disputed by appellee, and is so thoroughly settled by all the authorities that we deem it necessary to cite only *Hellenbeck* vs. *County of Winnebago,* 95 Ill. 148, and *Maia* vs. *Eastern Hospital,* 97 Va. 507; 47 L. R. A. 577. The opinions in these two cases contain a list of many authorities on the subject.'' It is clear that claimants have no legal right to an award against the State for the injuries they sustained.

It does not follow, however, that claimants are without a remedy. If as they allege, their injuries were caused by the negligence of Sonnenberg while they were in the exercise of due care (and upon those questions we express no opinion)

they can bring proper actions against him in a court of general jurisdiction and have their damages · determined. (*Grootens* vs. *State,* 6 Ct. Cl. 399; *Braun* vs. *State,* 6 Ct. Cl. 104; *Cooney* vs. *Town of Hartford,* 95 Ill. 516.)

The claims are denied and the cases dismissed.

On rehearing granted, Mr. Justice Linscott delivered the opinion of the court: ·

These claims arising in the same automobile accident have by respective counsel of the parties hereto been consolidated.

Martha Connole, as such administratrix of the estate of Hugh Hankins, a deceased infant, filed a claim asking for damages from the State of Illinois in the sum of Five Thousand Dollars ($5,000.00) on account of the death of claimant's intestate.

Onie Hankins filed a claim asking for damages in the sum of Ten Thousand Dollars ($10,000.00).

Carl Hankins, claimant, filed a claim asking for the sum of Three Thousand Dollars ($3,000.00) for personal injuries and property damage, and Pearl Cuff filed her claim for the sum of Five Thousand Dollars ($5,000.00) for alleged personal injuries.

The facts were: a three-ton Liberty truck belonging to the State of Illinois and under the direction of the Division of Highways had been stalled on Bluff Hill, S. B. I. Route 11, near the western edge of the city limits of Collinsville, Illinois, sometime between 5:15 and 5:45 on the evening of December 26, 1930. At the time this truck became stalled, it was going around a slight curve about half way up the hill. Motor trouble was the cause of the truck stopping. That afternoon and day this truck had been used in maintenance road work and was customarily stored overnight in a garage at the top of the hill. At the time of the accident, the truck was not equipped with lights or a storage battery. The driver of the truck, Sam Sonnenberg, was immediately before the crash, trying to crank it when a Model-A 1930 Ford Sedan driven by one of the claimants, Carl Hankins, crashed into the rear of the stalled truck.·

Riding in the front seat with him was his wife, Onie Hankins, who was holding their fourteen months old infant son, Hugh, in her arms. The claimant, Pearl Cuff, was riding in the back seat with two children.

The overwhelming evidence is that it was quite dark and foggy and most of the automobile traffic was using lights. The lights of the car in which all of the claimants were riding were burning, and so far as the evidence shows, were in good condition.

It appears from the evidence that the driver, Carl Hankins, did not see the truck until he was within four or five feet of it, just before the crash. Official sunset on this day occurred at 4:45 p. m., as shown by the records of the United States Weather Bureau of East St. Louis, Illinois.

The infant, Hugh Hankins, was killed almost instantly, and Mr. and Mrs. Hankins, as well as Pearl Cuff, suffered minor personal injuries as the result of the collision. The Ford was badly damaged and subsequently sold to an automobile dealer for $75.00, who repaired the car at a cost of $210.00.

The injured were attended and treated by Dr. H. W. Harrison of Collinsville, Illinois. Pearl Cuff and Onie Hankins remained at the Harrison Hospital for about one week's time and the treatment of the injuries extended over a period of approximately three weeks. In the opinion of the doctor no permanent disability has resulted from these injuries. The cost of medical treatment was as follows:

Pearl Cuff, hospital and medical attention.................... $66.00
Onie Hankins, hospital and medical attention................ 71.00
Carl Hankins, medical attention............................. 22.00

Declarations were filed herein on May 5, 1931. It was admitted that no warning lights were placed by the driver of the truck and no effort was made to warn approaching drivers of the situation of the truck. A number of witnesses were heard on both sides.

It is a well established rule that the doctrine of *respondeat superior* does not apply to a State in the exercise of purely governmental functions. This rule is perhaps best stated as follows:

"The government itself is not responsible for the misfeasance, or wrongs, or negligences, or omissions of duty of the subordinate officers or agents employed in the public service; for it does not undertake to guarantee to any persons the fidelity of any of the officers or agents whom it employs; since that would involve it, in all its operations in endless embarrassments and

difficulties, and losses, which would be subversive to the public interests; and, indeed, laches are never imputable to the government. *Seymour* vs. *Van Slyck*, 8 Wend. 403; *United States* vs. *Kirkpatrick*, 9 Wheat. 720, 723."

We are, however, of the opinion that the facts in these cases amount to be a wilful and wanton negligence and an exception should be made to the rule as above announced. We fix the damages to the automobile at $210.00; the cost of medical care and attention to Carl Hankins as $22.00 and make an award to him in the aggregate sum of $232.00; and award to Onie Hankins for her hospital and medical attention the sum of $71.00 and to Pearl Cuff, for hospital and medical attention the sum of $66.00 an award to Martha Connols, Administratrix of the estate of Hugh Hankins, deceased, the sum of $1,000.00.